STATE FARM FIRE & CASUALTY CO., APPELLANT, *v.* PILDNER
ET AL., APPELLEES.

(No. 73-989—Decided December 31, 1974.)

*Messrs. Carson, Vogelgesang, Sheehan & Banas* and *Mr. Philip E. Howes,* for appellant.

*Messrs. Ross & Ross, Mr. Joseph W. Calabretta, Messrs. Grant & Steiner* and *Mr. Donald C. Steiner,* for appellees.

CORRIGAN, J. Appellant, State Farm & Casualty Company, maintains that the suit against its insured, Pildner, is excluded from coverage under its homeowner's policy because the injury suffered by the appellee Bryan was intentionally inflicted by the insured. Appellant urges that the insured's conviction of the crime of intentional wounding is admissible to prove the exclusion from coverage, and appellant asks, therefore, that this court declare that ap-

pellant is not obligated to defend the insured in the suit giving rise to this action.

It is not necessary for this court to consider the question of the admissibility of the insured's conviction of "intentional wounding." The duty of an insurer, under a policy of liability insurance, to defend an action against an insured is dependent upon the scope of the allegations of the complaint in the action against the insured. Where the allegations of the complaint bring the action within the coverage of the policy, the insurer is required to defend, regardless of the ultimate outcome or its liability to the insured. *Motorists Mutual* v. *Trainor* (1973), 33 Ohio St. 2d 41; *Lessak* v. *Metropolitan Cas. Ins. Co.* (1958), 168 Ohio St. 153; *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.* (1945), 144 Ohio St. 382; *Bloom-Rosenblum-Kline Co.* v. *Union Indemnity Co.* (1929), 121 Ohio St. 220.

In the present case, the Bryans' complaint alleges only negligent injury. Appellant admits that liability for negligent injury is within the scope of coverage under the terms of its homeowner's policy, and appellant has a duty to defend the insured in that action. The Court of Common Pleas was, therefore, correct in dismissing appellant's complaint for declaratory judgment for failure to state a claim upon which relief can be granted, since no facts giving rise to a justiciable controversy were presented in the complaint.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN JJ., concur.

O'NEILL, C. J., concurring. Public policy in this state, as represented by the four Ohio Supreme Court cases cited in the majority opinion, requires that an insurance company's duty to defend an insured against a civil action be

ascertained solely from the allegations of the complaint. In determining the existence or nonexistence of this duty, neither the outcome of the litigation nor the ultimate liability of the insurer is relevant. By informing the insured that it is reserving its right to assert noncoverage, the insurance company can defend the action without waiving this right.[1] Therefore, I agree with the judgment and the general language of the syllabus of this case. However, I believe that this court must recognize the ethical problem which this rule creates for the insurance company's counsel.

Canon 5 of the Code of Professional Responsibility, as adopted by this court on October 5, 1970,[2] states that "a lawyer should exercise independent professional judgment on behalf of a client." This rule is made more specific by E. C. 5-14, which states:

"Maintaining the independence of professional judgment required of a lawyer precludes his acceptance or continuation of employment that will adversely affect his judgment on behalf of or dilute his loyalty to a client. This problem arises whenever a lawyer is asked to represent two or more clients who may have differing interests, whether such interests be conflicting, inconsistent, diverse, or otherwise discordant."

E. C. 5-17 specifically lists among "typically recurring situations involving potentially differing interests" a lawyer representing an insured and his insurer. This factual pattern exists whenever an insurance company which asserts noncoverage is allowed to select an attorney to represent an insured in a damage action.

If the insurance company does not assert noncoverage,

---

[1]The insurance company can assert noncoverage by refusing to pay any judgment rendered against the insured in the damage action, thus forcing the judgment creditor to utilize the procedure set forth in R. C. 3929.06 for collecting money from an insurance company. In a R. C. 3929.06 proceeding, the insurance company can assert against the judgment creditor any defense which it has against the insured. *Bennett* v. *Swift & Co.* (1959), 170 Ohio St. 168, 163 N. E. 2d 362.

[2]The Code is published in 23 Ohio St. 2d.

106

there is no conflict between the insurer and the insured who is being sued, and hence the counsel selected by the insurance company could ethically defend the insured. However, in the present case the insurer alleges that the insured intentionally caused the injuries which are the basis of the damage suit, and that, therefore, his actions are outside the scope of the insurance policy. In such case, although the company has a duty to defend the insured, there is an undeniable conflict between the insurance company and the insured. The insured, if he cannot totally escape liability, will desire to show that his liability is based on negligent conduct which is covered by his insurance policy. The insurance company will, on the other hand, desire to prove that the insured's actions were intentional and hence not within the scope of the policy. Under these facts, I believe that D. R. 5-105, which is mandatory,[a] dictates that the insurance company not be allowed to select counsel to defend the insured. The adversity between the insurance company and the insured, coupled with the pressure which the insurance company could exert on counsel selected by it, simply presents too great a possibility that that counsel's loyalty to the insured will be diluted.

The insurance company, when it notifies an insured who is being sued that it denies coverage, should invite the insured to select his own counsel to represent him in the damage action. If the action is one in which the insurance company has a duty to defend, reasonable attorney fees and other proper costs incurred by the insured in making his defense will ultimately have to be assumed by the insurance company. *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.* (1945), 144 Ohio St. 382, 59 N. E. 2d 199.

---

[a]Preface to the Code of Professional Responsibility, 38 Ohio St. 2d, at XXV.