KNAPP ET AL., APPELLANTS, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

(No. 81AP-760—Decided May 6, 1982.)

*Mr. John C. Nemeth,* for appellants.
*Mr. Charles N. Myers, Jr.,* and *Mr. Brian J. Bradigan,* for appellee.

NORRIS, J. Plaintiffs-appellants, Kevin Knapp and Erie Insurance Company, appeal from a summary judgment rendered against them by the Court of Common Pleas of Franklin County.

Dru Thomas was injured while a passenger in her own motor vehicle at a time when it was being driven with her permission by Knapp. Thomas sued Knapp.

Thomas had an automobile insurance policy with State Farm Mutual Automobile Insurance Company, defendant-appellee; Knapp's policy was with Erie. State Farm refused to undertake Knapp's defense or to indemnify him for any damages recovered by Thomas, basing its refusal upon an exclusion contained in its policy.

Erie undertook Knapp's defense, at the same time maintaining that State Farm was obligated to do so. Erie then filed this action seeking a declaratory judgment that State Farm must defend Knapp in the lawsuit brought against him by Thomas. State Farm sought summary judgment arguing that, while Knapp, as a permissive user of Thomas' automobile, was an "insured" under the language of its policy who would be covered if sued by a third party, here, coverage was precluded by the policy exclusion since he was being sued by another of its insureds under the same policy.

In granting summary judgment to State Farm, the trial court found that the language of the exclusion applied to the circumstances of this case, and, that the exclusion was "valid and effective and not contrary to public policy."

Plaintiffs raise two assignments of error:

"1. The trial court erred in sustaining defendant-appellee's motion for summary judgment as defendant was not entitled to judgment as a matter of law since defendant was obligated to provide a defense to plaintiff-appellant, Kevin Knapp.

"2. The court erred in holding that the exclusion in defendant-appellee's policy was valid and not contrary to public policy."

Several provisions found in the State Farm policy are relevant to our considera-

tion of the assignments of error. First, there is language which Erie contends provides coverage:

"We will:

"1. pay damages which an *insured* becomes legally liable to pay because of:

"a. *bodily injury* to others, * * *

"* * *

"caused by accident resulting from the * * * use of *your car;* and

"2. defend any suit against an *insured* for such damages * * *.

"* * *

"When we refer to *your car,* * * * *insured* means:

"1. *you;*

"* * *

"4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse;* * * *."

However, State Farm relies upon this exclusion:

"THERE IS NO COVERAGE:

"* * *

"2. FOR ANY *BODILY INJURY* TO:

"* * *

"c. ANY *INSURED* * * *." (Emphasis *sic.*)

In support of their first assignment of error, plaintiffs argue that an insurance company's duty to defend one of its insureds is to be ascertained solely from the allegations of the complaint, regardless of the ultimate liability of the company to the insured, citing *State Farm Fire & Cas. Co.* v. *Pildner* (1974), 40 Ohio St. 2d 101 [69 O.O.2d 509], and earlier cases upon which the Supreme Court purported to rely in that case. Defendant contends that those cases apply only to situations where an insured is being sued by a third party.

Pildner was named defendant in a suit brought by a man whom Pildner had shot. Pildner demanded that State Farm defend him on the basis of his homeowner's policy. State Farm refused, citing a policy provision which excluded coverage for injury intentionally caused by its insured.

Noting that the complaint alleged a negligent shooting, which State Farm conceded would be within the coverage of its policy, the Supreme Court held that an insurer is required to defend where the allegations of the complaint bring the action within the coverage of the policy, regardless of the ultimate determination of its liability to its insured.

But where, from a reading of the complaint and the policy, it is clear that there is no set of facts which the plaintiff could prove under the complaint that would bring the defendant-insured within the coverage of the policy, then there is no duty to defend. Such a conclusion is compelled by the rationale of *Pildner.* Here, reference to the policy establishes that, while Knapp was an insured, no coverage—which is defined as including both the duty to pay damages and the duty to defend—is provided where the claim is for bodily injury suffered by another insured. Consequently, even if Thomas succeeds in proving all the allegations of her complaint, there is no possibility that Knapp would be entitled to coverage as defined by State Farm's policy, because Thomas is an insured, and her claim is for bodily injury. In other words, this is not a case like *Pildner* where the outcome of the proof in the suit brought by Thomas against Knapp will have to be known before State Farm's liability to Knapp under this policy can be ascertained.

Plaintiffs also contend that the language of the policy does not make the insurer's duty to defend dependent upon the existence of a duty for the company to pay any damages which might be assessed against Knapp. However, as noted above, pursuant to the clear language of the policy both duties are encompassed within the term "coverage," and it is coverage (including the duty to defend) which is excluded when one insured sues another.

The first assignment of error is overruled.

Plaintiffs next contend that the exclusion should not be given effect because it

is contrary to public policy and is in direct contravention of R.C. 4509.51 which, in relevant part, provides:

"Every owner's policy of liability insurance:

"* * *

"(B) Shall insure the person named therein and any other person, as insured, using any such motor vehicles with the express or implied permission of the insured * * *."

We need not decide whether the exclusionary language of the policy is in conflict with the language of R.C. 4509.51(B), since the mandate of that section comes into play to modify conflicting provisions of an insurance policy only when the policy has been "certified" as proof of future financial responsibility. This conclusion follows when one considers the policy's provision that "[w]hen certified under any law as proof of future financial responsibility, * * * this policy shall comply with such law to the extent required," and the fact that there is no provision in the Financial Responsibility Act requiring a person to purchase a policy of automobile insurance except under the circumstances set forth in the Act. Because those circumstances are not present in this case, and there is no showing in the record that the policy was ever certified under the Act, the policy remains in force as issued; the exclusionary clause is not subject to modification by the Act. *Moyer* v. *Aron* (1964), 175 Ohio St. 490 [26 O.O.2d 130]; *Trolio* v. *McLendon* (1965), 4 Ohio App. 2d 30 [33 O.O.2d 52]. See, also, *Globe Mut. Cas. Co.* v. *Teague* (1967), 14 Ohio App. 2d 186, at 192 [43 O.O.2d 394].

Nor have plaintiffs demonstrated that the exclusionary clause is contrary to public policy. Actually, it may be argued that the clause serves the public policy of discouraging collusive insurance claims.

At any rate, under the circumstances of this case, where the negligent driver carried his own policy of liability insurance, we are unable to say that application of the exclusion is contrary to public policy. See *Government Employees Ins. Co.* v. *Bullard* (Hamilton App. 1975), 324 N.E. 2d 294. While plaintiffs contend that a contrary result is required by our opinion in *Travelers Ins. Co.* v. *Auto-Owners Ins. Co.* (1964), 1 Ohio App. 2d 65 [30 O.O.2d 97], where we refused to apply an exclusionary clause to preclude coverage of an additional insured, in that case our result was based upon failure of the language of the clause to clearly exclude additional insureds. No such lack of specificity is present in the language of the clause under consideration in this case.

We note with approval the logic followed in a number of cases from other jurisdictions cited by State Farm in which policy exclusions almost identical to the one under consideration in this case were construed to relieve the insurance company from any duty to defend a person who had been driving the plaintiff's automobile with his permission. See *Wheeler* v. *State Farm Mut. Auto. Ins. Co.* (C.A. 10, 1971), 438 F.2d 730; *Newark Ins. Co.* v. *State Farm Mut. Auto. Ins. Co.* (Colo. 1968), 436 P.2d 353; *Shaw* v. *State Farm Mut. Auto. Ins. Co.* (1962), 107 Ga. App. 8, 129 S.E. 2d 85.

Plaintiffs' second assignment of error is overruled.

Finding no error in the trial court's holding that defendant was entitled to judgment as a matter of law, the assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and McCORMAC, J., concur.