TRANSAMERICA INSURANCE COMPANY ET AL., APPELLANTS, *v.* TAYLOR ET AL.; JESSON, APPELLEE.

[Cite as Transamerica Ins. Co. *v.* Taylor (1986), 28 Ohio St. 3d 312.]

(No. 86-229—Decided December 26, 1986.)

(Rehearing granted—January 21, 1987.)

*Graham, Dutro & Nemeth, James L. Graham, Bradley L. Snyder, Roetzel & Andress* and *George A. Clark,* for appellants.

*Inscore, Rinehardt, Whitney, Enderle & DeWeese, Larry L. Inscore* and *Michael L. Inscore,* for appellee.

CLIFFORD F. BROWN, J. The question presented by this appeal is whether insurance companies may properly maintain a declaratory judgment action for purposes of determining their liability for coverage when

that question rests solely on a determination of whether the insured acted negligently or intentionally in causing the death of a third party, where this killing is the subject of a wrongful death action. For the following reasons, we hold that such an action may not be maintained.

It is firmly established in this state that the duty of an insurance company to defend an action against its insured under a policy of liability insurance is *absolute* where the complaint brings the action within the coverage of the policy. *Motorists Mutual* v. *Trainor* (1973), 33 Ohio St. 2d 41 [62 O.O.2d 402], paragraph two of the syllabus. See, also, *State Farm Fire & Cas. Co.* v. *Pildner* (1974), 40 Ohio St. 2d 101 [69 O.O.2d 509], syllabus; *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, syllabus. Appellants apparently concede that a declaratory judgment action is not available as a vehicle for evading their duty to defend under these facts.

The basic purpose of the instant action is to obtain a declaration that the defendant Charles Taylor, Sr. is not an insured. If the plaintiff insurance companies succeed in obtaining such a declaration, a necessary result is that they will be relieved of their obligation to defend Taylor. In this regard, the case *sub judice* appears strikingly similar to *Pildner, supra.* In *Pildner,* the insured shot and injured a man and was convicted on criminal charges. The victim and his wife brought a civil action against the insured alleging negligent infliction of injury. The insurance company then instituted a declaratory judgment action maintaining that it had no duty to defend the insured on the basis that his conduct in causing the injury was intentional and thus excluded from coverage. In holding that the insurance company could not maintain that action, this court noted that the complaint in the victim's suit alleged only negligent injury, and that liability for negligent injury was within the scope of the policy's coverage. Thus, the insurer had a duty to defend, and its complaint for declaratory judgment was properly dismissed for failure to state a claim upon which relief can be granted "* * * since no facts giving rise to a justiciable controversy were presented in the complaint." *Id.* at 104.

In our view, the holding in *Pildner* is not strictly limited to the insurer's obligation to provide a defense. In the instant case, as in *Pildner*, the insurers seek to avoid their obligation to the insured via a declaratory judgment action asserting that the insured had acted intentionally rather than negligently. As this court noted in *Pildner*, this assertion is utterly premature, since the underlying tort claim against the insured alleged only negligence. Although the insurers are not obligated to provide coverage for intentionally inflicted injury, no such recovery is sought by the plaintiff in the wrongful death action. Thus, the complaint for declaratory judgment fails to state a claim upon which relief can be granted, since it presents no facts giving rise to a justiciable controversy. *Pildner, supra,* at 104. The insurers' duty to defend is not a proper subject for a declaratory judgment action, and no question of intentional conduct has been raised in the underlying wrongful death suit.

If the plaintiff in the underlying tort action obtains a judgment against the insured, the insurers can still assert noncoverage by refusing to indemnify the defendant. The judgment creditor will then be forced to file a supplemental petition against the insurers, as provided in R.C. 3929.06, to collect her judgment. In that proceeding, the insurance companies may raise any defense that they would have against the insured. *Bennett* v. *Swift & Co.* (1959), 170 Ohio St. 168 [10 O.O.2d 109], paragraph one of the syllabus.

In sum, we hold that where the complaint in the underlying tort action against the insured alleges only negligence, a declaratory judgment action brought by the tortfeasor's insurers seeking a declaration that their insured's conduct was intentional rather than negligent, and is thus excluded from coverage, presents no justiciable controversy and may properly be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and LOCHER, JJ., concur.

HOLMES, DOUGLAS and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. The holding of the majority is not mandated by applicable case law and creates more problems than it resolves. While I agree generally that the pleading of the complaint ought to establish the duty of the insurer to defend, I also believe that when the insurer has obtained facts by its own investigation, such facts serving as the basis for a criminal conviction, then a declaratory judgment will lie for the insurer to dispute false allegations in the pleading. This court should never encourage fraud.

There are a number of reasons why the duty to defend ought not to depend solely upon those allegations set forth in the plaintiff's complaint. Since the complaint's wording is fully within the control of plaintiff's counsel, it is a simple matter to frame the complaint to include an allegation which would fit within the policy of insurance. The majority would have the insurer defend regardless of facts—an expensive and unfair burden. Later, in order to avoid payment of the judgment, the insurer must formally litigate in another proceeding and pay again for the litigation costs. Not only is this result unfair, but the attendant expense cannot be recovered from the insured and is passed directly on to the consumers in the form of higher insurance premiums.

On the other hand, the insurer, faced with the prospect of such financial losses, now indisputably is burdened with a motive to settle the case early, regardless of the merits of plaintiff's suit under the terms of the policy. The direct consequence is that potential plaintiffs need not care-

fully weigh the legal merits and circumstances of a case before filing suit. Where insurers are forced to settle numerous nuisance suits, these costs, too, are passed to the consumer. Obviously, a preliminary declaratory judgment action, where warranted, would be far less expensive.

The law of other jurisdictions has been "well settled * * *, generally speaking, [that] the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint in such action." Annotation (1956), 50 A.L.R. 2d 465, Section 4, and cases collected therein. A special situation is created when "there is a conflict between the *alleged* facts and the *actual* facts as known to the insurer." *Id.* at fn 19. In such situation, there has been a division of authority among those jurisdictions to consider the issue. See *id.* at 497-504, Section 17-21, and those cases collected therein. However, when confronted with circumstances like those in the present case, *i.e.,* where the insured perpetrated the intentional crime of shooting another, the larger number of jurisdictions have held that the insurer is entitled to prove its known facts in a declaratory judgment proceeding prior to trial on the tort complaint. See, *e.g., Armstrong* v. *Security Ins. Group* (1973), 292 Ala. 27, 288 So. 2d 134; *Lockhart* v. *Allstate Ins. Co.* (1978), 119 Ariz. 150, 579 P. 2d 1120; *National Investors Life & Cas. Ins. Co.* v. *Arrowood* (App. 1980), 270 Ark. 617, 606 S.W. 2d 97; *National Union Fire Ins. Co.* v. *Lenox Liquors, Inc.* (1977 Fla.), 358 So. 2d 533; *Colonial Penn Ins. Co.* v. *Hart* (1982), 162 Ga. App. 333, 291 S.E. 2d 410; *Bay State Ins. Co.* v. *Wilson* (1983), 96 Ill. 2d 487, 71 Ill. Dec. 726, 451 N.E. 2d 880; *All-Star Ins. Corp.* v. *Steel Bar, Inc.* (N.D. Ind. 1971), 324 F. Supp. 160; *Casualty Reciprocal Exchange* v. *Thomas* (1982), 7 Kan. App. 2d 718, 647 P. 2d 1361; *Hartford Fire Ins. Co.* v. *Wagner* (1973), 296 Minn. 510, 207 N.W. 2d 354; *Woida* v. *North Star Mut. Ins. Co.* (Minn. 1981), 306 N.W. 2d 570; *Travelers Ins. Co.* v. *Cole* (1982 Mo. App.), 631 S.W. 2d 661; *Blue Ridge Ins. Co.* v. *Nicholas* (E.D. Mo. 1977), 425 F. Supp. 827; *Commercial Union Ins. Co.* v. *Mauldin* (1983), 62 N. C. App. 461, 303 S.E. 2d 214; *Allstate Ins. Co.* v. *Carr* (1979), 119 N.H. 851, 409 A. 2d 782; *Travelers Indemnity Co.* v. *Obenshain* (1978), 219 Va. 44, 245 S.E. 2d 247; *U.S.F. & G. Ins. Co.* v. *Brannan* (1979), 22 Wash. App. 341, 589 P. 2d 817.

In *U.S.F. & G. Co.* v. *Baugh* (1970), 146 Ind. App. 583, 257 N.E. 2d 699, it was considered that strict application of the rule espoused by the majority "could lead to fraud perpetrated upon the insurer in that allegations of the complaint could be intentionally framed to force the insurer to appear and defend. This could be true even though the insurer made its investigation of facts and conditions surrounding the incident sued on and determined that there was no coverage.

"* * * [Also] considering the new Rules of Procedure * * *, an injured party could file a complaint, complying with the rules, and have a good complaint but with such brevity that the insurer could not determine

whether there was coverage under its policy or not." *Id.* at 598, 257 N.E. 2d at 709-710.

The latter consideration is particularly applicable where, as here, the tort plaintiff asserts as a cause of action, a single sentence, the operative term of which is the conclusory phrase, "negligently discharged a firearm." In light of those facts ascertained by the insurer, which were not disputed, *i.e.,* that the tort plaintiff was indicted criminally for murder and plea bargained so as to be found guilty of involuntary manslaughter while committing felonious assault, this court should have developed a more reasonable rule.

Strictly construing R.C. 2903.04(A), the death of the victim need not have resulted from the felony intended to have been committed and might have resulted from negligence or accident. But when the additional facts are considered that the underlying felony consisted of shooting the victim and that such felony required a knowing act, then the single ascertainable conclusion is that the resulting injury was "either intended *or expected* from the standpoint of the insured." (Emphasis added.)

It is, therefore, my view that an exception should be made in accordance with these cases. There is a better rule which would protect both the insurer and the insured, avoid fraud under the present-day rules of pleading, and would reduce unnecessary litigation. Courts should, in circumstances such as those we now confront, allow the insurer to assert facts which it has ascertained from a reasonable investigation, in a declaratory judgment action brought to determine the insurer's duty to defend.

WRIGHT, J., concurs in the foregoing dissenting opinion.