PREFERRED RISK INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT, *v.* GILL ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as Preferred Risk Ins. Co. *v.* Gill (1987), 30 Ohio St. 3d 108.]

(No. 86-882—Decided May 20, 1987.)

*Gustin & Lawrence Co., L.P.A.,* and *James W. Gustin,* for appellee and cross-appellant.

*Rogers & Olivas, R.T. Rogers* and *Adolf Olivas,* for appellants and cross-appellees.

DOUGLAS, J. The threshold question presented herein is whether the instant action is properly before this court. More specifically, we must determine whether an insurance company may bring a declaratory judgment action to adjudicate its duty to defend or indemnify its insured in an action brought against the insured by a third party. In resolving this question, we are called upon to reexamine this court's holding in *Transamerica Ins. Co.* v. *Taylor* (1986), 28 Ohio St. 3d 312, 28 OBR 381, 504 N.E. 2d 15.

*Transamerica* involved facts similar to those presented in the cause *sub judice.* In *Transamerica,* the insured shot and killed a man and eventually pleaded guilty to, and was convicted of, involuntary manslaughter. The victim's widow brought an action in wrongful death alleging that the insured had negligently caused the death of her husband. The insurers instituted a declaratory judgment action seeking a declaration of their obligation to defend the insured in the wrongful death suit and to indemnify him in the event of an adverse judgment. In a four to three decision, this court held that the insurers may not maintain such an action:

"Where the complaint in the underlying tort action against the insured alleges only negligence, a declaratory judgment action brought by the tortfeasor's insurers seeking a declaration that their insured's conduct was intentional rather than negligent, and is thus excluded from coverage, presents no justiciable controversy and may properly be dismissed for failure to state a claim upon which relief can be granted." *Id.* at syllabus.

The *Transamerica* court reasoned that the insurers therein "seek to avoid their obligation to the insured via a declaratory judgment action asserting that the insured had acted intentionally rather than negligently. As this court noted in [*State Farm Fire & Cas. Co.* v.] *Pildner* [(1974), 40 Ohio St. 2d 101, 69 O.O. 2d 509, 321 N.E. 2d 600], this assertion is utterly premature, since the underlying tort claim against the insured alleged only negligence. Although the insurers are not obligated to provide coverage for intentionally inflicted injury, no such recovery is sought by the plaintiff in the wrongful death action. Thus, the complaint for declaratory judgment fails to state a claim upon which relief can be granted, since it presents no facts giving rise to a justiciable controversy. *Pildner, supra,* at 104. The insurers' duty to defend is not a proper subject for a declaratory judgment action, and no question of intentional conduct has been raised in the underlying wrongful death suit." *Id.* at 314, 28 OBR at 383-384, 504 N.E. 2d at 17.

The instant cause presents this court with an opportunity to reexamine the rule of law set forth in *Transamerica.* Upon considerable study and deliberation, we conclude that *Transamerica* cannot withstand objective scrutiny.

R.C. Chapter 2721, governing declaratory judgment actions, clearly contemplates the maintenance of such an action by an insurance company

seeking a declaration of its rights and obligations under a contract of insurance. R.C. 2721.03 provides in pertinent part:

"Any person interested under a deed, will, *written contract,* or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, *contract,* or franchise and obtain a declaration of rights, status, or other legal relations thereunder. * * *" (Emphasis added.)

This statute plainly permits a party to a contract to bring a declaratory judgment action for purposes of obtaining a binding judicial interpretation of the agreement. The comment[1] to R.C. 2721.03 bolsters the conclusion that the statute was intended to apply to contracts of insurance:

"This section makes it possible for any person interested in any of the instruments specified or affected by any of the legislation mentioned, to have any question of construction or validity, and also * * * [his] rights determined. This covers a large field of possibilities, among which are disputes between lessor and lessee, mortgagor and mortgagee, *questions concerning insurance policies,* deeds of trust, disputes between a city and a street railway company, or any public utility, and a vast number of other disputes too numerous to mention." (Emphasis added.)

Moreover, R.C. 2721.04 provides that "[a] contract may be construed by a declaratory judgment either before or after there has been a breach thereof." The comment to that section states that "[a]ny doubt as to when an action may be brought to construe the provisions of a contract * * * is removed by this section. A court of record may construe the provisions of a contract before breach, as well as after breach."

It cannot be disputed that the General Assembly intended the declaratory judgment action to be available to "[a]ny person interested" under a written contract of any nature for purposes of establishing rights and duties thereunder. Any limitation on the right of such persons, including corporations,[2] to bring such an action frustrates this legislative intent. Nowhere in R.C. Chapter 2721 is there any provision which narrows the broad right conferred by R.C. 2721.03. This court is not justified in creating its own limitations on that right in contravention of this clearly expressed legislative purpose. This is particularly true given the mandate

---

[1] The editorial comments to Page's Ohio Revised Code Annotated, while not official, are instructive.

[2] R.C. 2721.01 provides:
"As used in sections 2721.01 to 2721.15, inclusive, of the Revised Code, 'person' means any person, partnership, joint-stock company, unincorporated association, society, municipal corporation, *or other corporation."* (Emphasis added.)

embodied in R.C. 2721.13, which states that "[s]ections 2721.01 to 2721.15, inclusive, of the Revised Code are remedial, and shall be liberally construed and administered."

*Transamerica, supra,* divests insurers of their statutory right to seek a declaratory judgment for reasons which are, in our view, unpersuasive. Consistent with our discussion, *supra,* we are persuaded that a declaratory judgment action is a proper vehicle for the resolution of contractual disputes between an insurer and its insured arising from a suit filed by a third party against the insured. In some cases, the insurer may be able to demonstrate that the allegations of the underlying complaint do not represent the true facts. Here, the killing which forms the basis for the underlying complaint resulted in a conviction of the insured *for a crime of which intent is an essential element.* Thus, the intentional nature of the act constituting the basis for the underlying tort action has been established by a court of law. In such a case, it is illogical and unfair to require the insurer to relinquish its statutory right to a preliminary declaratory judgment action and defend the insured regardless of the actual facts. We are also concerned that forcing the insurer to defend its insured under these circumstances places the insurer in an ethical dilemma. As aptly explained by the United States Fourth Circuit Court of Appeals in a case substantially similar to the instant cause:

"The facts and circumstances of this action, however, are such as to bring it within the exception set forth in the case of *Farm Bureau Mutual Automobile Ins. Co.* v. *Hammer,* 177 F. 2d 793 (4th Cir. 1949) rather than the general rule. In that case this court held that where the insured's own conduct took him outside the coverage of the policy, the insurer's duty to defend does not exist if it is not possible for the insurer to defend the insured and at the same time to protect its own interests. To state the holding in terms of the instant case, the * * * [insurer] could not defend plaintiff-insured in the wrongful death suit and urge that the death was not intentional while at the same time contend there is no coverage under the policy because death was inflicted intentionally by the insured. There would be a conflict of interests on the part of the insurer that would be impossible to resolve if it were forced to defend [the] insured." *Stout* v. *Grain Dealers Mut. Ins. Co.* (C.A. 4, 1962), 307 F. 2d 521, 524-525.

In the case at bar, permitting the insurer to bring a preliminary declaratory judgment action to determine its obligation to its insured, where the insured is a defendant in an underlying cause of action brought by a third party, may eliminate this ethical predicament by relieving the insurer of any duty to defend.

We hold, therefore, that an insurer may maintain a declaratory judgment action under R.C. Chapter 2721 for purposes of establishing its rights and obligations under a contract of insurance. The insurer, if proceeding in good faith, is entitled to bring such an action for purposes of adjudicating its duty to defend and/or indemnify its insured in a tort action

brought by a third party, even where the underlying tort complaint alleges conduct within the coverage of the contract of insurance. In such an action, the insurer may proceed to demonstrate that the facts alleged in the underlying tort complaint differ from the actual facts ascertained by the insurer, and that the actual facts remove the insured's conduct from coverage.[3] As both *Transamerica* and *Pildner*,[4] *supra,* are inconsistent with this determination, they are hereby overruled.[5]

Having concluded that the appellee insurer may maintain an action seeking a declaration of its duty to defend and/or indemnify its insured, we now turn to a determination of the merits of the instant cause.

The insurance policy at bar provides that coverage for personal liability of the insured does not extend to bodily injury or property damage "which is expected or intended by the insured * * *." Appellee urges that the intentional nature of the killing of Kerri Hintermeister has been established beyond cavil by proof of Gill's plea of guilty to and subsequent conviction of aggravated murder. The death was therefore "expected or intended by the insured" and is excluded from coverage. Thus, appellee argues, the trial court correctly issued a declaratory judgment relieving appellee of any duty to defend the wrongful death claim or to indemnify Gill for any judgment obtained therein.

We find this argument compelling. In a case such as this one, where the conduct which prompted the underlying wrongful death suit is so indisputably outside coverage, we discern no basis for requiring the insurance company to defend or indemnify its insured simply because the underlying complaint alleges conduct within coverage. Such an approach would ignore patent realities for no overriding reason. To compel the insurer to defend regardless of the true facts, where, as here, the insurer has not promised to defend groundless, false or fraudulent claims, imposes an onerous burden for which the insurer did not bargain. Courts should not be expected to feign ignorance of a criminal conviction which clearly takes the conduct outside coverage. In cases such as this, this court will no longer unquestioningly elevate the allegations in the underlying tort complaint above all consideration of the true facts as established by the insurer unless the insurer has agreed to defend regardless of the true facts.

---

[3] We are mindful, as insurers should be, of the insurer's duty to act in good faith vis-a-vis its insured. See, *e.g., Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 6 OBR 337, 452 N.E. 2d 1315, paragraph one of the syllabus.

[4] We recognize that the conviction of the insured in *Pildner* came after a plea of not guilty, whereas in the case at bar, the insured's conviction was entered pursuant to a plea of guilty to aggravated murder.

[5] By overruling *Transamerica,* we intend to declare that the insurer in that case may proceed with a declaratory judgment action to determine its rights and obligations to its insured. We express no opinion on the merits of that action, including whether the insured's conviction of involuntary manslaughter, without more, constitutes proof of an intentional act.

This is not a case where the insurer has promised in the insurance policy to defend any suit against the insured alleging injury within coverage, even if such suit is groundless, false or fraudulent. The policy at bar contains no such representation.[6] On this basis, the instant cause is distinguishable from *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, 9 OBR 463, 459 N.E. 2d 555, which held that the insurer has a duty to defend where the allegations of the underlying complaint state a claim potentially or arguably within coverage. *Id.* at syllabus. In *Willoughby Hills,* the insurance policy provided that the company would undertake the defense of any suit alleging injury or property damage within coverage, " 'even if any of the allegations of the suit are groundless, false or fraudulent * * *.' " *Id.* at 177, 9 OBR at 463, 459 N.E. 2d at 556.

A similar provision existed in analogous cases wherein we held that the insurer's duty to defend depends solely on the allegations of the underlying complaint. See, *e.g., Motorists Mutual* v. *Trainor* (1973), 33 Ohio St. 2d 41, 42, 62 O.O. 2d 402, 403, 294 N.E. 2d 874, 876; *Lessak* v. *Metropolitan Cas. Ins. Co.* (1958), 168 Ohio St. 153, 157, 5 O.O. 2d 442, 445, 151 N.E. 2d 730, 734; *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.* (1945), 144 Ohio St. 382, 384, 29 O.O. 563, 564, 59 N.E. 2d 199, 200; *Bloom-Rosenblum-Kline Co.* v. *Union Indemnity Co.* (1929), 121 Ohio St. 220, 222, 167 N.E. 884. Where the insurer represents to its insured that it will undertake the defense of any claim asserting injury within coverage, even where the claim is false or fraudulent, the duty to defend may arise solely from the allegations of the underlying complaint, regardless of the true facts as they are known to the insurer. However, since the appellee herein has promised only to defend claims for bodily injury or property damage "to which this coverage applies," the true facts are determinative of the duty to defend. Where the true facts are such that the insured's conduct was outside the coverage of the policy, the claim is not one "to which this coverage applies," and the insurer has no obligation to defend the insured.

We hold, therefore, where the insurer does not agree to defend groundless, false or fraudulent claims, an insurer's duty to defend does not depend solely on the allegations of the underlying tort complaint. Absent such an agreement, the insurer has no duty to defend or indemnify its insured where the insurer demonstrates in good faith in the declaratory

---

[6] The pertinent portion of the insurance policy provides:

"If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage *to which this coverage applies,* we [the insurer] will:

"* * *

"b.   provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability." (Emphasis added.)

judgment action that the act of the insured was intentional and therefore outside the policy coverage.

In the instant cause, appellee demonstrated to the trial court that the conduct which was the subject of the wrongful death action was intentional, rather than negligent as alleged in the underlying complaint. This was established beyond dispute through evidence that Gill's action in killing Kerri resulted in his criminal conviction for aggravated murder. An essential element of that crime is that the perpetrator intended to cause the death. See R.C. 2903.01(D). Kerri's death was clearly "expected or intended by the insured" and therefore the policy does not provide coverage for whatever personal liability Gill may have. Since appellee did not agree in the insurance contract to defend Gill against any claim alleging facts within coverage, even if groundless, false or fraudulent, but only against claims "to which this coverage applies," appellee has no duty to defend Gill in the underlying wrongful death claim. It follows that appellee has no obligation to indemnify Gill in the event of an adverse judgment, since the act was indisputably intentional and outside coverage. The trial court correctly granted summary judgment to appellee on the underlying wrongful death claim.

We reach the same conclusion regarding the underlying claim for serious emotional distress. Appellants alleged that Gill's actions following the murder in concealing the body and then joining in searches for Kerri constituted negligent infliction of emotional distress. Appellants relied on certain testimony by a clinical psychologist to the effect that Gill suffered from a form of traumatic amnesia in the hours following the murder, arguing that such condition could have rendered Gill incapable of forming the requisite mental state to commit an intentional tort. Thus, appellants maintain, a genuine issue of fact remained as to whether Gill's conduct after the murder was negligent rather than intentional.

We cannot agree. The behavior of the insured after the murder, even if he were operating under amnesia, had its origin in a clearly intentional course of conduct (*i.e.,* the murder) and is so inextricably entwined in time and purpose with the intentional acts leading to the murder, and the murder itself, that it cannot fairly be said to be within coverage. The parties to the insurance agreement cannot be imagined to have contemplated that such conduct would be subject to coverage. This court is not prepared to impose on this insurer a duty to defend or indemnify against this conduct by this insured which was clearly not meant to be within the scope of agreed coverage.[7]

---

[7] We note parenthetically that the court of appeals' reasoning to the effect that the insured herein, if operating under amnesia, would not be legally liable for the consequences of his negligence is not in accordance with this court's holding in *Kuhn v. Zabotsky* (1967), 9 Ohio St. 2d 129, 38 O.O. 2d 302, 224 N.E. 2d 137. There, at 133, 38 O.O. 2d at 305, 224 N.E. 2d at 140, we quoted with approval Section 283B of the Restatement of the Law 2d, Torts (1965) 16, which states that:

Therefore, in accordance with the foregoing, the judgment of the court of appeals is hereby affirmed to the extent that it relieved appellee of any duty to indemnify its insured on either the wrongful death or the emotional distress claim. The judgment of the court of appeals requiring appellee to provide a defense for its insured on both claims is hereby reversed. The judgment of the trial court is reinstated in all respects. Costs are taxed to appellee pursuant to App. R. 24.

*Judgment accordingly.*

HOLMES, WRIGHT AND H. BROWN, JJ., concur.

SWEENEY and LOCHER, JJ., dissent.

MOYER, C.J., not participating.

HOLMES, J., concurring. I applaud the pronouncements within the majority opinion to the effect that under the circumstances presented here, and in *Transamerica Ins. Co. v. Taylor* (1986), 28 Ohio St. 3d 312, 28 OBR 381, 504 N.E. 2d 15, a declaratory judgment action pursuant to R.C. Chapter 2721 does lie seeking a declaration of the insurance company's rights and duties under the insurance contract and, more particularly, any duty it may have pursuant to such an agreement to defend a lawsuit brought against the insured. Pointing out that the duty to defend should not be entirely dependent upon the allegations of the complaint, I stated in my dissent in *Transamerica* that: "Since the complaint's wording is fully within the control of plaintiff's counsel, it is a simple matter to frame the complaint to include an allegation which would fit within the policy of insurance. The majority would have the insurer defend regardless of facts—an expensive and unfair burden." *Transamerica, supra,* at 315, 28 OBR at 384, 504 N.E. 2d at 18.

As supportive of the rule pronounced herein, I also noted in my dissent in *Transamerica* that: "* * * the insurer, faced with the prospect of such financial losses, now indisputably is burdened with a motive to settle the case early, regardless of the merits of plaintiff's suit under the terms of the policy.* * *

"* * *

"It is, therefore, my view that an exception should be made in accordance with these cases. There is a better rule which would protect both the insurer and the insured, avoid fraud under the present-day rules of pleading, and would reduce unnecessary litigation. Courts should, in cir-

_____

"Unless the actor is a child, his insanity or other mental deficiency does not relieve the actor from liability for conduct which does not conform to the standard of a reasonable man under like circumstances."

cumstances such as those we now confront, allow the insurer to assert facts which it has ascertained from a reasonable investigation, in a declaratory judgment action brought to determine the insurer's duty to defend." *Id.* at 315-317, 28 OBR at 384-386, 504 N.E. 2d at 18-19.

Based upon my commentary in *Transamerica* and the additional supportive reasoning in the majority opinion herein, I strongly concur in the syllabus law, the opinion, and the judgment.

LOCHER, J., dissenting. I cannot agree that Preferred Risk has stated a claim for which relief can be granted, and would hold that Preferred Risk was not entitled to bring this declaratory judgment action. Moreover, I am not persuaded that we should overrule *Transamerica Ins. Co.* v. *Taylor* (1986), 28 Ohio St. 3d 312, 28 OBR 381, 504 N.E. 2d 15, and *State Farm Fire & Cas. Co.* v. *Pildner* (1974), 40 Ohio St. 2d 101, 69 O.O. 2d 509, 321 N.E. 2d 600. Both of these well-reasoned cases are still good law and should be upheld under the principle of *stare decisis*.

*Transamerica, supra,* and *Pildner, supra,* stand for the proposition that where the negligent conduct of an insured is the subject of a complaint and is within the coverage of the insurance contract, the insurer has a duty to defend the insured and may not seek a declaratory judgment that the conduct was intentional and thus excluded from coverage. Today's decision allows an insurer to evade its responsibilities under an insurance contract by filing a declaratory judgment action that presents facts outside of, and irrelevant to, the allegations of the complaint against the insured. Under this court's holding in *Transamerica, supra,* the declaratory judgment action in this case would have been dismissed for failing to state a claim upon which relief could be granted. It is axiomatic that such an action cannot be maintained if the facts presented do not give rise to a justiciable controversy. See, *e.g., Hammontree* v. *Hawley* (App. 1943), 40 Ohio Law Abs. 483, 57 N.E. 2d 319, dismissed for want of debatable constitutional question (1943), 142 Ohio St. 389, 27 O.O. 317, 52 N.E. 2d 346.

Preferred Risk here seeks a declaration that Gill's conduct was intentional rather than negligent. The insurer bases its argument on the fact that Gill intentionally murdered the victim. However, it does not follow that just because he intended to kill her, he must also have intended his acts *after* the murder, which form the basis of the complaint in this action. Preferred Risk's argument is a red herring, intended only to relieve it of any responsibility for defending Gill and of any obligation it might incur to compensate the victims of Gill's negligent conduct. It is crucial to note that the cause of action here is the *negligent* infliction of serious emotional distress on the victim's family, arising out of Gill's conduct *after* the murder. The fact that Gill intended to murder the victim is irrelevant to the determination of liability in this case, and thus presents no justiciable controversy for which a declaratory judgment action may be maintained.

In addition, the majority's reliance upon R.C. Chapter 2721 is misplaced. R.C. 2721.03 provides in relevant part:

"Any person interested under a * * * written contract * * * may have determined *any question of construction or validity* arising under such * * * contract * * * and obtain a declaration of rights, status, or other legal relations thereunder." (Emphasis added.)

It is clear that under the Revised Code only questions of "construction or validity" of an insurance contract may be the subject of a declaratory judgment action. No such question in involved here. The issue Preferred Risk seeks to have resolved is a factual one: Whether Gill's conduct was intentional or negligent. R.C. 2721.03 does not authorize the use of declaratory judgment actions to resolve such questions. In effect, the majority's decision allows the Revised Code to be circumvented by removing all restrictions on the use of declaratory judgment actions.

Furthermore, there is evidence in this case which would support a finding that Gill's conduct following the murder was negligent, not intentional. Proof was established at Gill's criminal trial that after the murder, he suffered from a form of amnesia which affected his actions thereafter. A trier of fact could have concluded that as a result of this amnesia, Gill's subsequent conduct was negligent rather than intentional. The majority ignores this possibility when it argues that the acts complained of here and the murder were so "entwined" as to be indistinguishable in terms of intent. In essence, it is conceivable that Gill is entitled to the legal defense and liability protection he contracted for in the insurance policy, and that the victim's family may be entitled to compensation for Gill's conduct. Today's decision thus allows the question of an insurer's duty to defend, and of its ultimate liability under an insurance policy, to be prematurely decided in a declaratory judgment action. Such a result is just what this court sought to prevent in *Transamerica, supra,* and *Pildner, supra.*

Finally, I disagree with the majority's contention that Preferred Risk will be presented with an ethical dilemma if it is forced to defend Gill in this case. Where an insurer is contractually bound to defend the insured in a personal liability action brought by a third party, and does not give the insured notice of its reservation of rights, the insurer is estopped from later contending that the insured is not covered by the policy. See, *e.g.,* 14 Couch on Insurance 2d (Rev. Ed. 1982) 573, Section 51:82. As this court held in *Motorists Mutual* v. *Trainor* (1973), 33 Ohio St. 2d 41, 62 O.O. 2d 402, 294 N.E. 2d 874, paragraph one of the syllabus, "[a]n insurance company, which by contract is obligated to defend its insured in a negligence action, may defend in good faith without waiving its right to assert at a later time the policy defenses it believes it has, *provided that it gives its insured notice of any reservation of rights."* (Emphasis added.) Here, Preferred Risk did not reserve its right to later assert noncoverage or forfeiture in an action upon the policy. Preferred Risk unconditionally agreed to defend Gill in third-party actions. To defend Gill in good faith in

this case, Preferred Risk must contend that Gill did not act negligently or intentionally. If Gill were to be found liable and would bring a claim for damages under the policy, Preferred Risk would be estopped from later contending Gill's acts were intentional, and consequently excluded from coverage. No conflict of interest is possible here due to the effect of this estoppel rule. See Windt, Insurance Claims and Disputes (1982) 134, Section 4.18. It is to be noted that even if there were a conflict of interest, the most simple and best resolution would be that stated by Chief Justice O'Neill in his concurrence in *Pildner, supra,* at 106, 69 O.O. 2d at 511-512, 321 N.E. 2d at 603:

"Under these facts, I believe that D.R. 5-105, which is mandatory, dictates that the insurance company not be allowed to select counsel to defend the insured.* * *

"The insurance company, when it notifies an insured who is being sued that it denies coverage, should invite the insured to select his own counsel to represent him in the damage action. If the action is one in which the insurance company has a duty to defend, reasonable attorney fees and other proper costs incurred by the insured in making a defense will ultimately have to be assumed by the insurance company. *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.* (1945), 144 Ohio St. 382, 59 N.E. 2d 199."

I believe this is a more logical and equitable solution to a conflict of interest problem than a declaratory judgment action, the faults of which I have already discussed.

Public confidence in the decisions of this court is hardly promoted by the overturning of two well-reasoned and valid precedents. As this court has stated before, it "is implicit in the doctrine of *stare decisis* that some principle be established that the public may rely upon with the understanding that it will not lightly be overturned. The underlying rationale for *stare decisis* is the importance of constancy and consistency in law. In the absence of consistency and constancy the value of law in society is diminished." *Scott* v. *News-Herald* (1986), 25 Ohio St. 3d 243, 249, 25 OBR 302, 307, 496 N.E. 2d 699, 705.

Today's decision, especially with regard to the very recently decided *Transamerica* case, in no way promotes constancy and consistency in law. For this reason, and because I believe the precedent set today will lead to illogical and unjust results, I am compelled to dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.