**State Farm Mutual**
**v.**
**Knight**
*[Cite as 3 AOA 128]*

*Case No. 46-CA-89*
*Fairfield County, (5th)*
*Decided May 31, 1990*

*John C. Nemeth, Mark R. Blackmer, John C. Nemeth & Associates, 21 East Frankfort Street, Columbus, Ohio 43206, for Plaintiff-Appellant.*

*Randy L. Happeney, Dagger, Johnston, Miller, Ogilvie & Hampson, 144 East Main Street, Lancaster, Ohio 43130, for Defendant-Appellee.*

GWIN, J.

On March 18, 1988, defendant-appellee, Keith L. Knight (defendant), was operating a motor vehicle in such a manner as to come into contact with and injure John Boldman and Michael Bush. Boldman and Bush subsequently filed complaints against defendant in the Common Pleas Court of Fairfield County. Both complaints alleged that their injuries were the result of defendant's intentional or negligent conduct.

At the time of the March 18th incident, defendant had motor vehicle insurance with plaintiff-appellant, State Farm Mutual Automobile Insurance Company (State Farm). On May 24, 1989, State Farm filed a declaratory judgment action against defendant seeking a declaration that State Farm's policy precluded coverage for defendant's March 18th conduct because there is no duty under the policy to defend or indemnify for an insured's intentional torts.

On August 28, 1989, and September 7, 1989, respectively, Bush and Boldman dismissed, without prejudice, their intentional tort claims against defendant in the underlying law suits. Thereafter, defendant moved the trial court to grant summary judgment or, in the alternative, dismiss State Farm's declaratory judgment action. On October 23, 1989, the trial court sustained defendant's motions and stated in its October 6, 1989, memorandum:

"Whether the actions taken by the defendant in this case were intentional or negligent may remain as issued in Mr. Boldman's case. If they were intentional, then a jury may find in Keith Knight's favor inasmuch as no such allegation remains pending against Keith Knight in that case. If a jury were to find his actions to have been merely negligent, Mr. Boldman would be entitled, under the allegations of that complaint, to recover on a theory of negligence for his injuries and damages.

"The question is not one of interpretation of State Farm's contract to insure, but simply one of fact finding to be done by a jury in Mr. Boldman' case.

"That being the case the Court finds not merit to State Farm's declaratory action and accordingly rules in the defendant's favor on both motions."

State Farm now seeks our review and assigns the following as error:

*"ASSIGNMENT OF ERROR NO. I*
"THE TRIAL COURT ERRED UNDER OHIO LAW IN GRANTING DEFENDANT'S MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT BECAUSE AN INSURANCE COMPANY MAY MAINTAIN A DECLARATORY JUDGMENT ACTION FOR PURPOSES OF ADJUDICATING ITS DUTY TO DEFEND AND/OR INDEMNIFY ITS INSURED IN A TORT ACTION BROUGHT BY A THIRD PARTY, EVEN WHERE THE UNDERLYING TORT COMPLAINT ALLEGES CONDUCT WITHIN THE COVERAGE OF THE INSURANCE POLICY.

*"ASSIGNMENT OF ERROR NO. II*
"IF IT IS DETERMINED THAT THE COM-
PLAINT FOR DECLARATORY JUDGMENT
DID NOT STATE A VALID CLAIM, THE TRI-
AL COURT ERRED IN NOT GRANTING
PLAINTIFF LEAVE TO FILE AND AMEND-
ED COMPLAINT BECAUSE LEAVE OF
COURT SHOULD BE FREELY GIVEN
WHEN JUSTICE SO REQUIRES."

We sustain State Farm's assignments and our reasons follow.

I

In *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, syllabus 1, our Supreme Court unambiguously gave insurers the right to bring a declaratory judgment action for the determination of "its duty to defend and/or indemnify its insured in a tort action brought by a third party, even where the underlying tort complaint alleges conduct within the coverage of the contract of insurance." (Also see R.C. §2721.10 which allows for the determination of an issue of fact in declaratory judgment actions.)

Furthermore, the declaratory judgment action is the proper avenue for an insurer "to demonstrate that the facts alleged in the underlying tort complaint differ from the actual facts ascertained by the insurer, and that the actual facts remove the insured's conduct from coverage." *Preferred Risk, supra,* at 113.

From the above, it is clear that State Farm properly brought the declaratory judgment action to determine whether defendant's conduct was intentional and therefore outside the insurance coverage. State Farm should have been permitted the opportunity to establish in its declaratory judgment action whether defendant's actions were intentional as opposed to the allegations of negligence in the underlying complaints. Thus, the trial court erred in preventing State Farm that opportunity.

We find no merit in defendant's claim that this appeal is moot/premature because the trial court sustained State Farm's motion to intervene in the underlying actions involving Boldman and Bush. State Farm's intervention was merely an effort to protect its rights and prevent an unfavorable verdict. For State Farm to have done otherwise would have been improvident had this appeal been unfavorable to State Farm.

Additionally, we find no merit in defendant's claim that the trial court's dismissal of the declaratory judgment action was proper under R.C. §2721.07. That section provides:

"Courts of record may refuse to render or enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding."

If it is determined in the declaratory judgment action that defendant's conduct was intentional and not negligent then State Farm will not be obligated to defend the underlying law suits. Therefore, the declaratory judgment may terminate the uncertainty or controversy giving rise to the proceeding and R.C. §2721.07 is inapplicable here.

Accordingly, State Farm's first assignment of error is hereby sustained.

II

Because we find that State Farm's amended complaint for a declaratory judgment action stated a valid claim even after the dismissals of the intentional tort claims in the underlying actions, we need not determine whether the trial court erred in not granting State Farm leave to file an amended complaint following such dismissals.

For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is hereby reversed.

*Judgment reversed.*

HOFFMAN, J., concurs and MILLIGAN, P.J., concurs separately.

MILLIGAN, J., concurring.

Although I agree with the judgment of the majority, I arrive there by separate course.

The original, unamended complaint in the declaratory judgment action claimed that the victim alleged that the (insured) intentionally injured him.

When the tort claim was amended to delete a claim of intentional tort, this case, in its extant pleading posture, lost it *raison d'etre.* I would rule that the second assignment of error should be sustained, and the cause proceed as amended. *The duty to defend/indemnify dilemma.*

The whole area of when and how to determine duty to defend deserves reexamination. As a practical matter, when the insurance company decides it has no duty to defend, and adversary relationship with the insured is established. Whether that claim is ultimately supported must await another day under either the circumstance where (1) an independent declaratory judgment action is filed, or (2) the issue is determined in

the primary tort case. The expectation that declaratory judgment action is a fast, effective way to clear the decks for the trial of the action is not realized in fact. What happens is the whole process is delayed and the bifurcated process, with intervening appeals, delays rather than expedites the process.

Consideration should be given to whether the interests of everyone would be better served by litigating the coverage issues in the same case as the tort claim. The coverage issues could be first litigated and even separate juries impaneled if necessary to decide issues like that encompassed in the case *sub judice* (intentional tort). All of the actors in the tort case, plus the insurance carriers, would be present. Surely the trial court could keep the issues of coverage from the tort jury.