[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Jason Deaton appeals from a summary judgment for Indiana Insurance Company ("Indiana") on Deaton's complaint for declaratory judgment. Deaton had asked the court to declare that Indiana has a duty to defend and indemnify him against personal injury claims for relief filed by Thomas A. Baumgardner and his wife, Jeane F. Baumgardner. Indiana was joined by Deaton for that purpose as a third-party defendant in the action against Deaton that the Baumgardners had filed.
The Baumgardners alleged in their Amended Complaint that Thomas A. Baumgardner was a pedestrian who was struck by a car driven by Deaton "at or near 442 N. Main Street, Dayton," that Deaton's negligence in so doing was a direct and proximate cause of injuries that the Baumgardners suffered, and that Deaton's acts were committed in the course of his employment by John Doe, Inc., which was also joined as a defendant in the Baumgardner's Amended Complaint.
After denying the Baumgardners' allegations in his Answer, Deaton joined Indiana as a third-party defendant for the purpose of determining its duty to defend and indemnify him against the Baumgardners' claims. Deaton alleged that Indiana's duty to do so arose from a policy of liability insurance that Indiana had issued to White-Allen Chevrolet, Inc., Deaton's employer, and that Deaton was acting within the scope of that employment when Thomas A. Baumgardner was allegedly injured.
Indiana admitted that it had issued a policy of insurance to White-Allen Chevrolet, Inc., but denied that it had any duty thereunder to defend and indemnify Deaton against the Baumgardners' claims. Indiana alleged that both Deaton and Thomas Baumgardner were employees of White-Allen Chevrolet, Inc., and it identified a clause in its policy excluding coverage of claims of bodily injury made by one of the policyholder's employees against another.
Indiana proceeded to conduct discovery on Deaton's claims against it. Pursuant to Civ.R. 36, Indiana served a request for admissions on Deaton. Indiana's ninth requested admission asked Deaton to admit the existence of the co-employee exclusion in its policy with White-Allen Chevrolet, Inc., which Deaton did. Indiana's tenth requested admission, and Deaton's response to it, states:
 REQUEST FOR ADMISSION NO. 10: Please admit that the exclusion referenced in the preceding request for admission #9 excludes liability coverage for Jason Deaton as to the bodily injury claims of Thomas A. Baumgardner.
 ANSWER: Admitted.
 REQUEST FOR ADMISSION NO. 11: Please admit that the exclusion referenced in the preceding request for admission #9 excludes liability coverage for Jason Deaton as to the loss of consortium claims of Jeane F. Baumgardner.
 ANSWER: Admitted.
Indiana moved for summary judgment, relying on Deaton's admissions. Deaton opposed the motion, arguing that the trial court was limited to the allegations in the Baumgardners' Complaint in rendering its declarations of coverage, and that neither that complaint nor Deaton's answer demonstrated that Deaton and Thomas Baumgardner were co-employees to whom the exclusion applied. The trial court disagreed, and it granted Indiana's motion for summary judgment.
Deaton filed a timely notice of appeal. He presents a single assignment of error, which states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THIRD-PARTY PLAINTIFF-APPELLANT JASON DEATON IN GRANTING SUMMARY JUDGMENT AGAINST HIM AND IN FAVOR OF THIRD-PARTY DEFENDANT-APPELLEE INDIANA INSURANCE COMPANY.
Deaton renews the argument he made in the trial court, which is that the co-employee exclusion in the Indiana policy cannot operate to prevent coverage of Baumgardners' claims against him because the scope of the pleadings in that action does not demonstrate that the two men were co-employees to whom the exclusion applies.
The basic rule governing an insurer's duty to defend and indemnify a claim against one of its insureds was set out inMotorists Mut. v. Trainor (1973), 33 Ohio St.2d 41:
 The test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured. (Socony-Vacuum Oil Co. v. Continental Cas. Co., 144 Ohio St. 382, 59 N.E.2d 199, approved and followed.)
 Id., Paragraph two of the Syllabus.
The rule of Motorists Mut. v. Trainor, supra, was subsequently modified, by way of explanation, in City ofWilloughby Hills v. Cincinnati Insurance Co. (1984), 9 Ohio St.3d 177. After reviewing the "notice" function of pleadings under the Civil Rules, the court stated:
 It follows that the pleadings alone may not provide sufficient factual information to determine whether the insurer has an obligation to defend the insured. It remains true that where the pleadings unequivocally bring the action within the coverage afforded by the policy, the duty to defend will attach. Motorists Mut., supra; State Farm Fire Cas. Co. v. Pildner (1974), 40 Ohio St.2d 101, 321 N.E.2d 600 [69 O.O.2d 509]. However, where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim. Thus, the "scope of the allegations" may encompass matters well outside the four corners of the pleadings.
 Id., at p. 180.
The "pleadings" in a civil action consist of the complaint, the answer, any counterclaim or cross-claim, and the answers thereto. Civ.R. 7(A). When the operative facts pleaded in support of a claim for relief create the potential of coverage, a duty of coverage exists. Id. However, that duty exists only so long as the potential of coverage exists. If subsequent "matters well outside the four corners of the pleadings" successfully rebut the potential for coverage, the duty of coverage is extinguished.
A Civ.R. 36 request for admissions provides a mechanism by which potentially disputed issues may be expeditiously resolved before trial. St. Paul Fire Marine Ins. Co. v. Battle (1976),44 Ohio App.2d 261. Matters which may be the subject of a request for admissions may include not only statements of fact, but also opinions as to fact and opinions as to the application of law to fact. Rule 36, 1976 Staff Note 2. Civ.R. 36(B) states, interalia: "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the motion."
The operative facts pleaded in the Baumgardners' Amended Complaint create a potential for coverage of Deaton's liability to the Baumgardners under the policy that Indiana issued to White-Allen Chevrolet, Inc. However, that potential is rebutted by Deaton's written admissions that the policy excludes coverage of his liability on those claims. Pursuant to Civ.R. 36(B), it was thus conclusively established that Indiana owes no duty of coverage to Deaton. Therefore, and pursuant to Civ.R. 56(C), the trial court was required to grant Indiana's motion for summary judgment on its defense to Deaton's coverage claims.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.