JOURNAL ENTRY and OPINION
Defendant-appellant Angelo S. Commarato appeals from the trial court's awarding $64,879.92 in favor of plaintiff-appellee FD Siding Services (FD). Defendant argues that the trial court's judgment was against the manifest weight of the evidence because there was no evidence of consideration supporting his promise to pay; the statute of frauds prohibits the trial court's finding that he made a promise to guarantee a loan incurred by Home-Craft Builders Remodelers, Inc. (Home-Craft Builders); and, R.C. 1302.04, which governs the sale of goods, does not apply. We find no merit to the appeal and affirm the trial court's judgment.
Plaintiff filed a complaint against both Angelo S. Commarato and Home-Craft Builders regarding a $64,879.92 debt. Because Home-Craft Builders filed for bankruptcy, plaintiff voluntarily dismissed Home-Craft Builders from the suit and proceeded solely against the defendant. A bench trial was conducted on the matter and the following evidence was presented.
The parties stipulated at the beginning of trial that the amount owed by Home-Craft Builders to FD was $64,879.92.
FD is an Ohio corporation which is in the business of providing vinyl siding services and materials. Frank Daddario is the president of FD. Home-Craft Builders is an Ohio corporation which is in the business of home construction. Defendant was fifty percent owner of Home-Craft Builders and his partner Frank Rogan owned the other fifty percent. For approximately fifteen years, FD provided vinyl siding services and materials to defendant and defendant's various businesses which have since dissolved or gone bankrupt.
Daddario testified that ten years ago defendant had a company called House Masters that went bankrupt. At that time, defendant promised Daddario he would personally pay FD a lump sum amount, and that once the new business was up and running, the rest would be paid. Thereafter, defendant wrote a personal check to FD as promised and defendant's new business, Home-Craft Builders, resumed business with FD.
Daddario testified that payments from Home-Craft Builders was always slow. At one point, he saw the defendant at a baseball game and asked when he was going to get paid. The defendant made a phone call and the next day FD received a $23,000 check from Home-Craft Builders.
A week after defendant's partner Frank Rogan passed away, defendant and Daddario met to discuss the amounts owed by Home-Craft Builders and to discuss the status of outstanding projects. According to Daddario, at this meeting the defendant told him:
 Frank, don't worry about it. I'm going to pay you. I got to go to Florida. When I get back from Florida I'm going to pay you. I've got CDs coming due and mutual funds. I'm going to give you a lump sum of $25,000, and then when I come back we'll work it out and we'll just start doing business again. (TR. 22).
Daddario admitted that he had nothing in writing to commemorate this promise but indicated that in the past defendant had promised to make payments and always came through.
The defendant testified that he never promised to pay FD and that he definitely did not personally guarantee any loan on behalf of Home-Craft Builders. Defendant claimed he told Daddario I cannot pay you. If I pay you I have to pay everyone else. I am not filing bankruptcy. (TR. 58-59). He also denied ever making a personal check out to FD. Defendant stated that at the time he spoke with Daddario about the debt, he did not have any plans to create a new business and in fact never did create a new business. Instead, he said at that time, he was contemplating selling the company to two potential buyers and told the potential buyers that Daddario provided good work and to stick with him. (TR. 63).
The trial court denied the defendant's motion for a directed verdict and granted judgment in favor of the plaintiff in the amount of $64,879.82 plus interest. The defendant requested separate findings of fact and conclusions of law and the trial court ordered the plaintiff to submit a draft. On April 18, 2000, the plaintiff submitted a draft. Instead of adopting it, the trial court issued a judgment entry stating:
 WHEREAS trial was held in this matter on Tuesday, April 11, 2000; and WHEREAS testimony and documents were submitted into evidence; and WHEREAS the Court finds in favor of Plaintiff on all issues of fact and law; IT IS ORDERED, ADJUDGED AND DECREED that judgment is hereby entered in favor of the Plaintiff and against Defendant Angelo S. Commarato in the amount of $64,879.92, plus interest thereon at the rate of 10% per annum from April 13, 1999.
Costs to Defendant.[1]
Defendant timely appeals from this order, asserting three assignments of error.
 I. THE TRIAL COURT BELOW ERRED, AS A MATTER OF LAW, WHEN IT DETERMINED, CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, THAT THERE SOMEHOW WAS A BENEFIT TO THE ALLEGED PROMISOR OR DETRIMENT TO THE ALLEGED PROMISEE WHATSOEVER, THUS CONSTITUTING CONSIDERATION IN SUPPORT OF THE ALLEGED ORAL PROMISE TO PERSONALLY PAY FD SIDING SERVICES FOR DEBTS OWED IT BY HOME-CRAFT BUILDERS 
REMODELERS, INC., A SEPARATE LEGAL ENTITY. ANGELO COMMARATO DID NOT RECEIVE ANY BENEFIT WHATSOEVER AS A RESULT OF ANY ALLEGED PROMISE.
 MOREOVER, AT THE TIME OF THE ALLEGED PROMISE, FD SIDING SERVICES HAD CEASED, AND HAS SINCE NEVER RESUMED, WORK FOR HOME-CRAFT BUILDERS 
REMODELERS, INC. AND HAS NOT PERFORMED WORK FOR ANGELO COMMARATO PERSONALLY OR FOR ANY OTHER ENTITY WITH WHICH COMMARATO OWNS, PARTIALLY OWNS, OR IS ASSOCIATED IN ANY MANNER THEREWITH. FURTHERMORE, COMMARATO DID NOT GAIN ANYTHING AS A RESULT OF THE ALLEGED PROMISE. THUS, THERE WAS NO CONSIDERATION WHATSOEVER SUPPORTIVE OF ANY ALLEGED PROMISE TO PAY A THIRD PARTY'S DEBT.
 II. THE TRIAL COURT BELOW ERRED, AS A MATTER OF LAW, WHEN IT DETERMINED, CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, THAT THE LEADING OBJECT EXCEPTION TO THE STATUTE OF FRAUDS PROVISION CONTAINED IN OHIO REVISED CODE § 1335.05
APPLIED, WHERE THERE IS NO EVIDENCE CONTAINED IN THE RECORD INDICATIVE THAT ANGELO COMMARATO, IN MAKING THE ALLEGED ORAL PROMISE, WAS SERVING SOME PECUNIARY OR BUSINESS PURPOSE OF HIS OWN WHICH INVOLVED A BENEFIT TO HIMSELF OR DAMAGE TO FD SIDING SERVICES.
We will address both of these assignments of error together because they both address whether the trial court's judgment was against the manifest weight of the evidence due to the defendant's failure to benefit from his promise to guarantee the amount owed by Home-Craft Builders.
Our standard of review was stated by this court in State v. Phelps (Jan. 5, 1995), Cuyahoga App. No. 66804, unreported at 11:
 The trial court, as the trier of fact, must judge the credibility of witnesses and weigh the evidence. State v. Fanning (1982), 1 Ohio St.3d 19
. A reviewing court will not reverse the trial court on the weight of the evidence where there is substantial, credible evidence to support the trial court's decision. State v. Eskridge (1988), 38 Ohio St.3d 56. We must defer to the trial court's judgment and ruling.
With this standard of review in mind, we address the defendant's arguments.
R.C. 1335.05, the statute of frauds, provides in pertinent part:
 No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person there unto by him or her lawfully authorized.
The Ohio Supreme Court has set forth a test to determine whether a promise to answer for the debt of another is barred by R.C. 1335.05. The Court in Wilson Floors Co. v. Sciota Park, Ltd. (1978), 54 Ohio St.2d 451
at syllabus held:
 When the leading object of the promisor is not to answer for another's debt but to subserve some pecuniary or business purpose of his own involving a benefit to himself, his promise is not within the statute of frauds, although the original debtor may remain liable.
Daddario testified that ten years earlier the defendant had another company called House Masters that went bankrupt and that the defendant at that time promised to pay the debt of House Masters in order to maintain the business relationship with the plaintiff. Once the defendant's new company was established, the defendant paid the plaintiff a lump sum amount by personal check. (TR. 20, 21). Daddario testified that the same type of promise was made regarding Home-Craft Builder's debt. Daddario stated that plaintiff promised:
 Frank, don't worry about it. I'm going to pay you. I got to go to Florida. When I get back from Florida I'm going to pay you. I've got CDs coming due and mutual funds. I'm going to give you a lump sum of $25,000, and then when I come back we'll work it out and we'll just start doing business again. (TR. 22).
Therefore, it appears that at the time the promise was made, defendant intended to maintain the goodwill he had with the plaintiff so that plaintiff would continue to provide materials and services to defendant's newly-formed business. Although defendant denies that at the time the promise was made he intended to create a new business, the credibility of the witnesses is for the trier of fact. State v. Phelps, supra. We also find it is of no consequence that defendant never established the new business because it is his intent at the time the promise was made that controls.
Since there was evidence that the defendant's leading object or main purpose in making the promise was to promote his own business interest, the trial court's finding that the statute of frauds did not apply is not against the manifest weight of the evidence.
Because we find there was evidence that the defendant's promise was made to promote his own business interest, we also find there was sufficient evidence of consideration underlying the defendant's promise to pay the debt. This court in The Texas Co. v. The Seaboard National Bank, Exr. (1926), 26 Ohio App. 104, addressed a similar situation where the the president and principal stockholder of an insolvent company orally promised to pay the debts of that company. We found that his guarantee was supported by consideration because his promise to pay the old company's debts benefitted him by protecting his newly-formed company from any action that might be taken by the creditor. Likewise, in the present case, the promise by defendant was in the interest of preserving the business relationship between plaintiff and defendant so that it would continue with defendant's contemplated new business.
Defendant's first and second assignments of error are overruled.
 III. THE TRIAL COURT BELOW ERRED, AS A MATTER OF LAW, TO THE EXTENT IT DETERMINED, CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, THAT OHIO REVISED CODE § 1302.04 APPLIES, AS THE ALLEGED PROMISE IS NOT RELATED TO THE SALE OF GOODS, RATHER IT IS AN ALLEGED PROMISE TO PAY A DEBT.
 HOME-CRAFT BUILDERS REMODELERS, INC., OWES THE DEBT IN QUESTION TO FD SIDING SERVICES.
 THUS, ANY ALLEGED PROMISE TO PAY EXACTLY THAT — A PROMISE TO PAY AN EXISTING DEBT AND § 1302.04 DEALING WITH THE SALE OF GOODS DOES NOT APPLY.
Given our disposition of defendant's first and second assignments of error, we find this assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c).
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ COLLEEN CONWAY COONEY, J.
TIMOTHY E. McMONAGLE, P.J., and JAMES J. SWEENEY, J., CONCUR
[1] Defendant alludes several times to the fact that the trial court's findings of fact and conclusions of law are severely deficient. We agree. However, the defendant did not allege that the substandard findings of fact and conclusions of law prevented him from effectively arguing on appeal and we do not find that they prevented us from adequately addressing the defendant's assignments of error. Therefore, a remand for more detailed findings and conclusions is not necessary. See, Stone v. Davis (1981), 66 Ohio St.2d 74, 84-85; Nationwide Mut. Fire Ins. Co. v. Pendrey (1997), 123 Ohio App.3d 91, 96.