This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Cincinnati Insurance Company has appealed the Wayne County Common Pleas Court's entry of partial summary judgment in favor of Appellee Colelli Associates, Inc. and the subsequent award of attorney's fees. This Court reverses the entry of summary judgment, vacates the award of attorney's fees, and remands the cause for further proceedings.
 I.
Appellee Colelli Associates, Inc. (Colelli) is in the business of selling and supplying chemical products to crude oil and natural gas producers. One of the chemicals distributed by Colelli is toluene, a solvent placed directly in oil and natural gas wells to prevent parafin build-up. It also promoted extraction and the flow of either the oil or gas.
During September 1995, Pennzoil Products Company (Pennzoil) filed suit in the United States District Court for the Western Division of Pennsylvania, claiming that Colelli had sold to several distributors toluene contaminated with silicon. In turn, the distributors placed the toluene in their wells, ignorant of its corruption. Pennzoil further alleged that the oil from those wells, contaminated with silicon, was then sold, delivered to and processed in its refinery, resulting in damages to its reactors.
Thereafter, Colelli submitted a claim to an authorized representative of Appellant Cincinnati Insurance Company (Cincinnati), the underwriter of Colelli's commercial general liability policy. Specifically, Colelli notified Cincinnati of the Pennzoil suit and that Colelli had received complaints regarding the contaminated toluene from the distributors.
On November 21, 1995, Cincinnati filed a complaint for declaratory judgment, seeking a determination as to its rights and obligations under the commercial general liability policy issued to Colelli. Cincinnati's complaint named Colelli, Pennzoil, and the distributors as defendants and alleged that Cincinnati was under no contractual or other duty to defend or indemnify Colelli under the express terms of the policy.
Cincinnati moved for summary judgment, arguing that it had no duty to indemnify or defend because the claims against Colelli fell outside the scope of the policy's initial grant of coverage and, in the alternative, fell within the scope of the policy's exclusions. As a result, Cincinnati further claimed that no duty to defend ensued. In support of its motion, Cincinnati submitted a stipulated list of the facts and several other documents substantiating its position as to the chemical and technical nature of the alleged damages in the underlying suit. In response and in their cross-motions for summary judgment, Colelli and Pennzoil insisted that coverage was not precluded under the language of the policy and that, as a consequence, Cincinnati had an obligation to defend. To sustain their arguments, Colelli and Pennzoil relied upon several depositions and affidavits. Cincinnati responded in opposition, also supporting its arguments with several affidavits calling into question the "facts" as set forth in Colelli and Pennzoil's evidence. Ultimately, the trial court denied Cincinnati's motion and entered summary judgment in favor of Colelli and Pennzoil, holding that Cincinnati was obligated to provide indemnity and a defense to Colelli. On appeal, this Court reversed and remanded, concluding that the trial court had failed to fully analyze the issues raised and had not rendered an adequate construction of the policy. Cincinnati Ins. Co. v. Colelli Assoc., Inc. (June 17, 1998), Wayne App. No. 97CA0042, unreported, at 5-6.
Upon remand, the trial court denied Cincinnati's motion for summary judgment and entered partial summary judgment in favor of Colelli and Pennzoil. Specifically, the trial court held that: (1) issues for trial existed as to whether Pennzoil's property was "physically injured" and/or "impaired property" as intended under the policy; (2) as a result, coverage under Exclusion 2(m) was undeterminable, while coverage under Exclusions 2(k), (l) and (n) was precluded as a matter of law;[1] and, (3) Cincinnati nevertheless had a duty to defend Colelli because Pennzoil and the distributors had claims potentially or arguably within the policy coverage. Subsequently, the trial court convened a hearing and then, on April 9, 1999, held that Colelli was entitled to attorney's fees. Finally, after this Court dismissed Cincinnati's initial appeal of these orders for lack of a final appealable order, see Cincinnati Ins. Co. v.Colelli Assoc., Inc. (Apr. 5, 2000), Wayne App. No. 99CA0028, unreported, at 4, the trial court certified the matter, pursuant to Civ.R. 54(B). Cincinnati appealed, asserting five assignments of error. After reviewing the appropriate standard of review, this Court will address each point in turn.
 II. A. Summary Judgment Standard
In reviewing a trial court's ruling on a motion for summary judgment, an appellate court's examination is de novo. Lorain Cty. Bd. of Commrs.v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 267. Stated another way, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Vahila v. Hall (1997), 77 Ohio St.3d 421,429; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294. Once a party has satisfied this incipient burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. Vahila,77 Ohio St.3d at 429; Dresher, 75 Ohio St.3d at 293.
 B. First Assignment of Error
 The trial court erred as a matter of law when it ruled that [Cincinnati] owed [Colelli] the "duty to defend" under the insurance policy at issue in the case, to [Cincinnati's] prejudice.
 For its first assignment of error, Cincinnati has asserted that the trial court improperly determined that Cincinnati has a duty to defend Colelli. Specifically, Cincinnati has argued that the existence of a material question of fact as to coverage prevents a finding that Cincinnati has duty to defend as a matter of law. In other words, if a question of material fact exists as to coverage, then it necessarily follows that a question of material fact exists as to whether Cincinnati has a duty to defend.
An insurance company's duty to defend under a contract of insurance may arise from the face of a complaint if the allegations contained therein "unequivocally bring the action within the policy coverage." WilloughbyHills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, 179. The duty may also arise:
 [w]here the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded[.]
 Id. at syllabus. In Willoughby Hills, the insurer contracted with the insured to defend "any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent * * *." Id. at 177.
Since the Ohio Supreme Court handed down its ruling in WilloughbyHills, it has further held that contracts in which this language is absent are distinguishable. Preferred Risk Ins. Co. v. Gill (1987),30 Ohio St.3d 108, 114. Indeed, when an insurer promises only to defend those claims to which policy coverage applies, the applicability of the duty to defend does not arise solely from the face of the complaint, but must be determined based on the "true facts" underlying the complaint.Id. See, also, Mumford v. Interplast, Inc. (1997), 119 Ohio App.3d 724,735. "Where the true facts are such that the insured's conduct was outside the coverage of the policy, the claim is not one `to which this coverage applies,' and the insurer has no obligation to defend the insured." Preferred Risk Ins. Co., 30 Ohio St.3d at 114.
The policy at issue in this case provides:
 SECTION I COVERAGES COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.
1. Insuring Agreement.
 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages[.]
 (Emphasis added.) Because this language limits Cincinnati's duty to defend to those suits seeking property damages covered by the policy and does not extend to "groundless, false, or fraudulent" claims, the rule set forth in Preferred Risk Ins. Co. applies. As a result, the true facts in this case become the central issue. However, having satisfied their Dresher burdens, the parties and their competing affidavits have placed in question whether Colelli's conduct was outside the coverage of the policy, and the true facts pertaining thereto remain unsettled and must be determined by a trier of fact. When a genuine issue of material fact exists as to coverage under a commercial general liability policy and the duty to defend rule set forth in Preferred Risk Ins. Co. applies, this Court concludes that a genuine issue of material fact also exists as to an insurer's corresponding duty to defend, and summary judgment is inappropriate. Therefore, the trial court erred by entering summary judgment as to the duty to defend. Cincinnati's first assignment of error is sustained.
 C. Second Assignment of Error
 The trial court erred in its premature construction of Exclusion 2(n) of the insurance policy at issue in this case, to [Cincinnati's] prejudice.
 In its second assignment of error, Cincinnati has challenged the trial court's conclusion that a genuine question of material fact exist as to whether Exclusion 2(m) applies, but not with regard to Exclusion 2(n). After holding that questions of material fact exist as to whether Pennzoil's property was "physically injured" and/or "impaired," Cincinnati has suggested that the trial court should have held that questions of material fact exist under both Exclusion 2(m) and Exclusion 2(n), not just Exclusion 2(m). This Court agrees.
The policy exclusions provide, in relevant part:
2. Exclusions
This insurance does not apply to:
* * *
 (m) "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
 (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or
 (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
 This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.
 (n) Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
(1) "Your product"
(2) "Your work;" or
(3) "Impaired property;"
 if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.
(Emphasis added.)
The trial court, when construing these provisions and the facts as set forth in the respective affidavits, held that a genuine issue of material fact existed as to whether Pennzoil's property was "physically injured" and/or "impaired property." Such a determination clearly puts the operation of both Exclusion 2(m) and Exclusion 2(n) in question. Thus, the trial court erred by holding that Exclusion 2(n) did not apply as a matter of law. Cincinnati's second assignment of error is sustained.
 D. Third Assignment of Error
 The trial court erred as a matter of law in awarding [Colelli] a recovery of attorney's fees based upon the erroneous determination of duty to defend, to [Cincinnati's] prejudice.
 For its third assignment of error, Cincinnati has challenged the trial court's award of attorney's fees. In essence, Cincinnati has argued that the entry awarding attorney's fees was fatally flawed because it was premised upon the trial court's conclusion that Cincinnati had a duty to defend. This Court agrees. Cincinnati's third assignment of error is sustained.
 III.
Cincinnati's first, second and third assignments of error are sustained. This Court declines to address the balance of Cincinnati's arguments. See App.R. 12(A)(1)(c). The judgment of the trial court is reversed, the award of attorney's fees is vacated, and the cause is hereby remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ BETH WHITMORE
SLABY, P.J. CONCURS
[1] This Court would observe that the trial court's determination as to Exclusions 2(k) and (l) has not been challenged on appeal and, thus, will not be addressed.