OPINION
Appellant, John P. Masseria, appeals the judgment of the Geauga County Court of Common Pleas which granted summary judgment in favor of appellee, Nationwide Mutual Fire Insurance Company ("Nationwide"), on appellant's bad faith claims. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Appellant was insured for personal liability pursuant to a homeowners' insurance policy with Nationwide. The policy required Nationwide to pay those damages which its insured was legally obligated to pay due to an "occurrence." The term occurrence included bodily injury or property damages resulting from an accident. Excluded from coverage was bodily injury or property damages caused intentionally by the insured, or at the direction of the insured, including willful acts the result of which the insured knew or ought to have known would follow from the insured's conduct.
Appellant was involved in an incident on September 16, 1995 which caused injury to an acquaintance, John Nally ("Nally"). Both appellant and Nally were attending a party and drinking heavily. In order to prevent appellant from driving while intoxicated, Nally tackled appellant, sat on his chest, and pinned his arms down. According to Nally, appellant then bit him in the face because appellant was angry about being restrained. Appellant, however, claimed that Nally's face came into contact with his teeth when another drunken party guest stumbled upon the two and knocked Nally into appellant. At trial, appellant denied biting Nally, accidentally or otherwise.
Nally filed a civil complaint against appellant in the Cuyahoga County Court of Common Pleas. The complaint alleged that appellant negligently and/or intentionally caused injury to Nally's face. Specifically, Nally's complaint alleged in the first cause of action that appellant "committed an assault" against Nally that resulted in bodily injury to his face. Nally sought punitive damages and attorney fees under the first cause of action. In the second cause of action, Nally alleged that appellant "negligently came in contact with [Nally] resulting in bodily injury" to him. The complaint did not specifically indicate that appellant injured Nally by "biting" him.
Pursuant to his homeowners' insurance policy with Nationwide, appellant presented a claim for indemnification and a demand for representation. Nationwide provided representation for appellant but filed the instant declaratory judgment action seeking a determination that it was not obligated to defend or indemnify appellant under the terms of the policy. Nationwide conceded below and on appeal that the unit responsible for filing the declaratory judgment action failed to undertake any investigation into the underlying factual basis of Nally's complaint prior to the time when it filed the action. Instead, it based its decision to file the action solely on the language of the complaint and its interpretation of the policy.
Appellant filed an answer and a counterclaim against Nationwide, alleging that it acted in bad faith due to its failure to conduct any investigation into the underlying facts of Nally's claims prior to filing the declaratory judgment action. Nationwide moved for summary judgment on the bad faith claims, arguing that it had no duty to investigate the underlying facts prior to filing the declaratory judgment action because it never abandoned its insured and maintained representation for him throughout.
The trial court agreed that appellant had no cause of action for bad faith as a matter of law given the fact that Nationwide provided representation for appellant at all times prior to and during the pendency of the declaratory judgment action.[1]
Thus, the trial court granted summary judgment in Nationwide's favor on appellant's bad faith claims.
The remaining issues were tried to the bench in October 1998 with an advisory panel of jurors pursuant to Civ.R. 39(C)(1). The trial court ultimately found that although appellant did cause the injury to Nally's face, appellant did not intend to injure Nally. The trial court also found that Nally's injuries did not occur as a result of appellant's willful misconduct. As a result, Nationwide was ordered to continue providing representation and to indemnify appellant from Nally's claims.[2]
Appellant perfected a timely appeal of the trial court's decision to grant summary judgment in favor of Nationwide on the bad faith claims. He raises two assignments of error for our consideration:
 "[1.] The trial court erred in granting Plaintiff-Appellee's motion for summary judgment on the first three counts of Defendant-Appellant's counterclaim alleging a cause of action sounding in bad faith against Appellee insurance company, when it found that filing a declaratory judgment action against its insured cannot form the basis of a bad faith claim against an insurer.
 "[2.] The trial court erred in granting relief that was not requested when it dismissed the first three counts of Defendant-Appellant's counterclaim sua sponte, stating that no such cause of action sounding in bad faith existed against Appellee insurance company."
In the first assignment of error, appellant contends that Nationwide acted in bad faith and breached its fiduciary duty to its insured when it filed a potentially meritless declaratory judgment action against appellant prior to conducting any investigation into the underlying factual assertions contained in Nally's complaint. Nationwide, on the other hand, contends that since it continued to provide representation for appellant throughout the proceedings below, it was entitled to file the declaratory judgment action on the face of the complaint without an investigation into the factual assertions of the complaint. In this regard, Nationwide argues that it only had a duty to investigate the underlying factual assertions after it filed the instant declaratory judgment action.
As a starting point in our analysis, we note that Nationwide had a duty to defend appellant against both of Nally's claims because both claims arise from the same occurrence and because at least one of the claims alleged negligent conduct that would be covered by the policy. Preferred Mut. Ins. Co. v. Thompson
(1986), 23 Ohio St.3d 78, 80; accord Sanborn Plastics Corp. v. St.Paul Fire Marine Ins. Co. (1993), 84 Ohio App.3d 302, 313. Nationwide recognized the same because it did, in fact, provide representation for appellant on both claims.
Nevertheless, Nationwide filed the instant declaratory judgment seeking a determination that it did not have a duty to defend or indemnify appellant. According to Nationwide, it was entitled to bring such an action pursuant to the Supreme Court of Ohio's holding in Preferred Risk Ins. Co. v. Gill (1987), 30 Ohio St.3d 108.
In Gill, the Supreme Court held:
 "An insurer may maintain a declaratory judgment action under R.C. Chapter 2721 for purposes of establishing its rights and obligations under a contract of insurance. The insurer, if proceeding in good faith, is entitled to bring such an action for purposes of adjudicating its duty to defend and/or indemnify its insured in a tort action brought by a third party, even where the underlying tort complaint alleges conduct within the coverage of the contract of insurance * * *." (Emphasis added and citations omitted.) Id. at paragraph one of the syllabus.
The complaint at issue in Gill accused the insured of wrongful death and negligent infliction of emotional distress. The insured, Gill, had murdered an eleven-year-old child and the parents brought suit against him. The insurer brought a declaratory judgment action seeking a determination that it did not have a duty to defend or indemnify its insured, despite the fact that the complaint alleged conduct that would otherwise be covered under the policy. The insurer brought the action in Gill
because it believed that the true facts of the case demonstrated that Gill intentionally murdered the child. Specifically, Gill pleaded guilty to aggravated murder with specifications.
In holding that the insurer was entitled to bring the declaratory judgment action in Gill, the court indicated that the insurer "may proceed to demonstrate that the facts alleged in the underlying tort complaint differ from the actual facts ascertained by the insurer, and that the actual facts remove the insured's conduct from coverage." (Footnote omitted.) Gill at 113.
The Gill court also qualified the insurer's right to bring a declaratory judgment action by indicating that the insured must proceed "in good faith." In this regard, we believe this qualification refers, at a minimum, to the insurer's obligation to investigate the underlying factual assertions contained within the complaint before it brings a declaratory judgment action to dispute its obligations to defend and indemnify. Frequently, a tort claim consists of a very general statement of the claim with few operative facts. Thus, it would be difficult for an insurer to bring, in good faith, a claim that the true facts underlying the complaint established that the insured's conduct fell outside of the coverage in the policy if the insurer had undertaken no investigation of the factual basis of the complaint.
Although Nationwide admitted that its declaratory judgment unit was unaware of actual facts, it nevertheless justified its actions on the basis that the complaint indicated that appellant "bit" Nally, either intentionally or negligently. Nationwide, then and now, contends that the act of "biting" is, per se, an intentional act. It believes you cannot negligently "bite" someone. Thus, no further facts were needed to make a good faith request for a declaratory judgment because, if appellant intentionally bit Nally, his conduct would not be covered under the policy.
In this regard, Nationwide conceded that the unit responsible for making the decision to file the instant declaratory judgment action did not undertake any investigation into the underlying facts prior to filing the instant action. Appellant argues this was essentially an admission that it filed a declaratory judgment action without reasonable justification per the mandate of Gill. Hence, Nationwide did not proceed in good faith towards its insured. See Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552; Wagner v. Midwestern Indemn. Co. (1998), 83 Ohio St.3d 287
(ruling that bad faith claims against insurers are judged under a reasonable justification standard).
We note, however, that the record before us contains evidence that other units within Nationwide did possess information to show that appellant's actions may have been intentional in nature. For example, an agent of Nationwide interviewed appellant approximately two months after the incident, but before the filing of the declaratory judgment. In that interview, appellant repeatedly made reference to the fact that he had "bitten" Nally, albeit accidentally or reflexively. In addition, prior to the filing of the declaratory judgment action, appellant had been criminally convicted of assault as a result of his actions during this incident.
For whatever reason, Nationwide failed to append or even mention this information within its declaratory judgment action. The unit of Nationwide which had access to this information was apparently not the unit responsible for the decision to file the declaratory judgment action. It was only after the action had been filed and the declaratory judgment unit of Nationwide further investigated the case, that this information was presented to the trial court in the bad faith action. In hindsight, Nationwide arguably had information within its possession which justified a declaratory action in good faith. However, the evidence before the trial court and mock jury was clear that the decision makers at Nationwide were unaware of that additional information before subjecting appellant to the current proceedings.
Before an insurance company files a declaratory action seeking to alleviate its burden of providing representation to an insured and/or indemnification, at a minimum, the insurance company, at the time of filing, must have a good faith belief that it is entitled to such relief. Furthermore, this good faith belief must be supported by evidence known to and relied upon by the companyat the time the declaratory action was first filed. Evidence which was not known or not relied upon is irrelevant when the issue concerns the good faith of the insurance company in making the decision to file a declaratory action.
That being said, we turn to Nationwide's assertion that it was somehow relieved of its duty to investigate the underlying factual basis of Nally's claims prior to filing the declaratory judgment action because it continued to provide representation to appellant during the pendency of the civil proceedings against him. According to Nationwide, so long as it did not deprive appellant of representation in the suit in chief, it could investigate its claims against its insured during the pendency of the declaratory judgment action, presumably despite the fact that Nationwide did not pay for appellant's expenses incurred in this declaratory judgment action
While there does not appear to be any case that has addressed the specific issues raised in this appeal, we agree with appellant that Nationwide is arguing an untenable position under Ohio law. An insurer owes its insured the general duty to act in good faith in the handling and payment of the claims of its insured.Motorists Mut. Ins. Co. v. Said (1992), 63 Ohio St.3d 690, 694;Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, paragraph one of the syllabus. Indeed, in every insurance contract there is an implied covenant of good faith and fair dealing. Said at 695, quoting Gruenberg v. Aetna Ins. Co. (1973),9 Cal.3d 566, 575. A breach of this duty on the part of the insurer to act in good faith and to engage in fair dealing will give rise to a cause of action against the insurer. Hoskins at paragraph one of the syllabus.
We believe the instant case to be one of first impression. However, we know of no reason why appellant's claim of bad faith in this respect would not be actionable. Appellant's first assignment of error is well-taken.
In the second assignment of error, appellant contends that the trial court erred by dismissing his bad faith claims sua sponte
pursuant to Civ.R. 12(B)(6). This argument is without merit as the trial court's judgment entry clearly reveals that the trial court granted summary judgment in favor of Nationwide on appellant's bad faith claims, rather than dismissing the claims pursuant to Civ.R. 12(B)(6). Appellant's second assignment of error is without merit.
In light of the foregoing analysis, the trial court's granting of summary judgment in favor of Nationwide on appellant's bad faith claims is reversed, and the matter is hereby remanded for further proceedings consistent with this opinion.
FORD, P.J., O'NEILL, J., concur.
[1] The proceedings in the Cuyahoga County Court of Common Pleas were stayed pending Nationwide's declaratory judgment action.
[2] Nationwide filed a separate notice of appeal alleging that the trial court's decision was against the manifest weight of the evidence. A separate notice of appeal was warranted, rather than the filing of a cross appeal, because the parties are appealing two very different judgments below. In the case at bar, the grant of summary judgment was an interlocutory order that became final when judgment was entered on October 20, 1998. Thereafter, appellant filed a separate notice of appeal of the order in the bad faith case. This court later denied Nationwide's request to consolidate the two cases except for hearing purposes.