OWNERS INSURANCE COMPANY, Appellee,

v.

NATIONWIDE INSURANCE COMPANY, Appellant.

[Cite as *Owners Ins. Co. v. Nationwide Ins. Co.*, 167 Ohio App.3d 276, 2006-Ohio-3094.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 05 JE 28.

Decided June 15, 2006.

McNeal, Schick, Archibald & Biro Co., L.P.A., and Brian T. Winchester, for appellee.

Pfau, Pfau & Marando, John C. Pfau, and John A. Ams, for appellant.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-appellant, Nationwide Insurance Company, appeals the decision of the Jefferson County Court of Common Pleas that granted summary judgment to plaintiff-appellee, Owners Insurance Company. In that decision, the trial court concluded that both Nationwide and Owners owed a duty to defend their respective insureds against a tort victim's complaint; that Owners's duty was secondary to Nationwide's duty; and that Nationwide should reimburse Owners for the defense that Owners had provided.

{¶ 2} The trial court erred when entering this judgment. There are genuine issues of material fact regarding whether Nationwide had a duty to defend its insured. Nationwide's policy with its insured is not in the record, and a stipulation that it had a policy with its insured is insufficient to show that Nationwide's duty to defend its insured was properly invoked. Furthermore, it appears that the trial court erred when it granted summary judgment to Owners on the issue of whether it acted as a volunteer when it defended the driver of a car from the injured party's complaint. Accordingly, the trial court could not have granted judgment to Owners at this point in the litigation. The trial court's judgment is reversed, and this cause is remanded for further proceedings.

## Facts

{¶ 3} On November 18, 1998, Valinda Purr was injured in an automobile accident by a motor vehicle driven by Carlos Marsili. At the time of the accident, Marsili's vehicle was insured through a policy with Nationwide. He was also employed at Marsili's Family Restaurant, which had a general commercial liability policy with Owners. The Owners policy specifically excluded coverage for most motor vehicle accidents and stated that it was an excess insurance policy for any motor vehicle accidents not specifically excluded.

{¶ 4} Purr filed a complaint against Marsili and his restaurant, alleging that he negligently caused her injuries and was acting in the scope of his employment at the time of the accident. Owners provided Marsili and his restaurant with a defense under its policy with the restaurant, while reserving its rights under the policy. Later, Owners sought a judgment declaring that it did not have a duty to defend Marsili and the restaurant and was granted declaratory judgment to that effect.

{¶ 5} At some point, Owners requested that Nationwide assume the defense of Marsili and the restaurant, but Nationwide refused. After it was granted declaratory judgment, Owners filed a complaint against Nationwide seeking the

cost of the legal defense it provided to Marsili and the restaurant. Owners then moved for summary judgment, claiming that it was a secondary insurer entitled to reimbursement for its expenses from the primary insurer, Nationwide. After Nationwide responded to the motion, the trial court granted summary judgment to Owners.

{¶ 6} On appeal, Nationwide argues the following two assignments of error:

{¶ 7} "The trial court erred in finding that Appellant Nationwide must reimburse Appellee Owners for legal fees expended in defending Marsili's Family Restaurant, which was not an insured on the Nationwide policy."

{¶ 8} "The trial court erred in finding that Appellant Nationwide must reimburse Appellee Owners for legal fees expended in defending Carlos Marsili and Marsili's Family Restaurant where no evidence was presented on the record to show that Appellant Nationwide was primarily liable and where Appellee Owners assumed the defense as a volunteer."

{¶ 9} These assignments of error address the same issues of law and fact, so they will be addressed together.

## Standard of Review

{¶ 10} In its assignments of error, Nationwide claims that the trial court improperly granted summary judgment to Owners. When reviewing a trial court's decision to grant summary judgment, this court applies the same standard as the trial court and, therefore, engages in a de novo review. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ.R. 56, summary judgment is proper only when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

{¶ 11} In a motion for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.

## Nationwide's Duty to Defend

{¶ 12} In this case, Owners seeks to be indemnified by Nationwide for the legal defense it provided to Marsili and his restaurant. According to Owners, its policy with the restaurant is secondary to Nationwide's automobile liability policy with

Marsili, so Nationwide should reimburse Owners for the defense it provided to Nationwide's insured because Owners undertook Marsili's defense in good faith, even though a trial court ultimately ruled that it had no duty to defend Marsili. In response, Nationwide argues that it did not have a duty to defend Marsili against Purr's lawsuit at all, so it could not be primarily liable for providing that defense.

{¶ 13} In an insurance policy, an insurer promises to both indemnify the insured for losses incurred by the insured that arise out of the occurrence of a risk identified in the policy and defend the insured in an action arising because of that occurrence. *Twin Maples Veterinary Hosp. v. Cincinnati Ins. Co.*, 159 Ohio App.3d 590, 2005-Ohio-430, 824 N.E.2d 1027, at ¶ 11. The duties to indemnify and defend are separate, distinct, and triggered by different events. Id. "The test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured." *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, paragraph two of the syllabus. An insurer has no duty to defend if there is no set of facts alleged in the complaint that, if proven true, would invoke coverage. *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 605, 710 N.E.2d 677. Furthermore, if "the conduct which prompted the underlying [lawsuit] is so indisputably outside coverage, we discern no basis for requiring the insurance company to defend or indemnify its insured simply because the underlying complaint alleges conduct within coverage." *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 113, 30 OBR 424, 507 N.E.2d 1118.

{¶ 14} "The duty-to-defend principle applies as well to situations where an insured has coverage with both primary and secondary insurers." *Ins. Co. of N. Am. v. Travelers Ins. Co.* (1997), 118 Ohio App.3d 302, 314, 692 N.E.2d 1028. "[A] primary insurer violates its duty to defend at its own peril, and * * * its breach of that duty will make it liable for anything the secondary insurer had to pay in a good-faith settlement of the claim as a result of the primary insurer's breach of duty." *Sanderson v. Ohio Edison Co.* (1994), 69 Ohio St.3d 582, 587, 635 N.E.2d 19. However, an insurer is not liable for anything another insurance company does if the second insurance company has no right or interest of its own to protect, acts without a moral or legal obligation, and acts without being requested by anyone liable on the obligation. *Aetna Cas. & Sur. Co. v. Buckeye Union Cas. Co.* (1952), 157 Ohio St. 385, 392, 47 O.O. 270, 105 N.E.2d 568.

{¶ 15} In this case, Owners has not met its burden of identifying those portions of the record that demonstrate that Nationwide had a duty to defend Marsili against Purr's lawsuit. Purr's complaint alleged that on November 18, 1998, Marsili was negligently driving an automobile in such a manner as to cause a collision with her vehicle. She alleged that she was neither contributorily nor comparatively negligent. According to Purr, she suffered serious permanent injuries as a result of the accident.

{¶ 16} Short of a stipulation specifically stating that Nationwide had a policy covering these allegations, the best way for Owners to demonstrate that Nationwide has such a policy would be to introduce a copy of that policy. However, we cannot look to the language of Nationwide's contract with Marsili to determine whether the allegations in Purr's complaint invoked Nationwide's duty to defend because neither Nationwide nor Owners has placed a copy of Nationwide's policy with Marsili into the record. The only evidence in the record that shows that Nationwide had a policy with Marsili that could cover this accident is a stipulation that the parties entered into on June 22, 2005. That stipulation provides as follows:

{¶ 17} "On or about November 18, 1998, Nationwide Assurance Company had in effect a policy of insurance that provided motor vehicle liability insurance coverage for the 1990 Plymouth vehicle that was driven by Carlos Marsili and was involved in the accident with Valinda Purr."

{¶ 18} This stipulation is insufficient to demonstrate that Nationwide had a duty to defend Marsili against Purr's lawsuit. Most, if not all, insurance policies place certain burdens upon an insured before coverage can be invoked, even if the policy covers the type of conduct that the insured engaged in. For instance, many motor vehicle insurance policies have clauses that require an insured to notify the insurance company of any claims before the insurance company's duties are invoked. The record in this case is silent regarding both whether this policy contains such clauses and whether Marsili did in fact comply with the requirements of those clauses.

{¶ 19} We could give further examples showing why an insurance company may not have a duty to defend against a lawsuit even though its policy covers a vehicle that is the subject of the lawsuit, but one such example is enough to show that there are genuine issues of material fact that need to be resolved in this case. Owners is asking this court to assume certain facts that are not in evidence so we can affirm the trial court's decision granting summary judgment to it. But summary judgment is inappropriate if facts need to be assumed in the movant's favor. Without more evidence showing that Nationwide had a duty to defend Marsili from Purr's lawsuit, the trial court erred when it determined that

Nationwide had a duty to defend Marsili. Nationwide's assignments of error are meritorious.

## Owners' Duty to Defend

{¶ 20} Nationwide also argues that the trial court erred when granting summary judgment to Owners because it never had a duty to defend Marsili, so Nationwide has no obligation to reimburse Owners for its voluntary act. In response, Owners argues that at the time Purr's complaint was filed, it was not clear whether it had a duty to defend Marsili from Purrs allegations. It stated that it provided a defense only under a reservation of rights because of that uncertainty. Accordingly, it disagrees that it was acting as a volunteer when it defended Marsili.

{¶ 21} The legal issue of whether Owners owed a duty to defend its insured was dealt with in a prior declaratory judgment action. In that action, none of the parties offered any arguments rebutting Owners' claim that it had no duty to defend its insured against Purr's action, and the trial court declared that Owners had no such duty.

{¶ 22} Owners claims that it undertook Marsili's defense in good faith based on the status of the law in Ohio at the time of the complaint because it alleged that Marsili was acting in the course of his employment when Purr was injured, but this argument makes little sense. Owners' policy with Marsili's restaurant specifically excluded coverage for injuries "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owner or operated by or rented or loaned to any insured." The policy defines an "auto" as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment." Since Purr's complaint alleged that her injury occurred due to the negligent use of a motor vehicle and Owners' policy specifically excludes coverage for injuries due to the use of a motor vehicle, Owners did not have a duty to defend Marsili and his restaurant from Purr's lawsuit.

{¶ 23} Ohio case law in effect at the time Purr filed her complaint, in particular *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, does not alter this conclusion. That case, since overruled by *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, said that general-liability policies issued to corporations covered corporate employees, even when those employees were not acting in the scope of their employment, absent some limiting language in the contract. The policy in this case contains such limiting language and specifically stated that employees are insured by the policy only when they are acting in the scope of their employment. But this fact, and other *Scott–Pontzer*-related issues, does not affect this case because the policy

excludes from coverage injuries caused by the use of a motor vehicle; it does not matter who is an insured if the act causing the accident is excluded from coverage. Furthermore, *Scott–Pontzer* applied only to issues involving uninsured and underinsured motor vehicle coverage, neither of which is involved in this case.

{¶ 24} In conclusion, it is difficult to understand how Owners legitimately believed that it had a duty to defend Marsili and his restaurant from Purr's allegations. Accordingly, the trial court erred when it granted summary judgment to Owners on this issue.

## Conclusion

{¶ 25} In this case, there are genuine issues regarding whether Nationwide had a duty to defend its insured from the allegations in Purr's complaint. The stipulation the parties have entered into fails to demonstrate that Nationwide had such a duty, and the record is devoid of other facts addressing this issue. Furthermore, it appears that the trial court erred when it granted summary judgment to Owners on the issue of whether it had acted as a volunteer when it defended Marsili from Purr's complaint. Accordingly, the trial court erred when it granted summary judgment to Owners. The judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

VUKOVICH and WAITE, JJ., concur.